HATCH WHITFIELD *vs.* A. ZELLNOR, use, &c.

Where a party is arrested in the performance of his portion of a contract by an injunction issued at the instance of a third person, which stays the operation of the work to be done, and prevents him from completing it according to contract: *Held,* that he can recover upon a *quantum meruit* count for the labor performed.

Under such circumstances the party is excused from performing his contract, and can recover for the services rendered.

IN error from the circuit court of Monroe county; Hon. F. M. Rogers, judge.

On the 20th February, 1849, Arnold Zellnor, for the use of Moses J. Wicks, commenced an action of assumpsit against Hatch Whitfield, founded upon a special contract between plaintiff and defendant, by which, for a consideration agreed, the former was to erect for the latter a saw and grist mill, and a mill-dam. A count for work and labor, and a *quantum meruit,* are added.

Defendant pleaded non-assumpsit and payment, upon which issues were joined; and at the October term, 1850, of circuit court of Monroe, the parties went to trial, which resulted in a verdict and judgment in favor of the plaintiff below, for the sum of $113.78 and costs.

During the trial, the court, at defendant's instance, sealed a bill of exceptions, taken to the refusal of the court to give to the jury five instructions propounded by defendant, to wit: " That if the jury find from the proof, that Zellnor had contracted to do an entire job in building the dam, mill, and machinery, the defendant furnishing materials, and the progress of the work was arrested by injunction from chancery, at the suit of a third person, then plaintiff must lose his work, and the defendant must lose his mill and materials, and, therefore, plaintiff cannot

recover here for that work." The jury found for Zellnor, from which decision Whitfield prayed this writ of error.

*Goodwin* and *Sale*, for plaintiff in error.

*Lindsey & Copp*, for defendant in error.

Mr. Justice YERGER delivered the opinion of the court.

This suit was brought upon a special contract for the price agreed to be paid for the building a saw and grist mill. There were also joined the common count on a *quantum meruit* for work and labor, &c. The jury found a verdict on the common counts for the plaintiff.

The work was not finished according to the contract; but while the plaintiff was engaged at it, the further progress of it was stopped by an injunction obtained against the plaintiff and defendant, upon the ground that the erection of the mill and mill-dam was a nuisance.

The error mainly relied upon by the defendant, was the refusal of the circuit judge to give his fifth instruction, which in substance required the court to instruct the jury, that the plaintiff could not recover the value of the work done by him for the defendant, unless he finished the mill according to contract, although the progress of the work was stopped by the injunction against him and the defendant. We do not think the court below erred in refusing to give this instruction.

In this case, the plaintiff was arrested in the performance of his contract, by an injunction sued out at the instance of a third party, upon the ground, that the work which the defendant had employed him to do, would constitute a common nuisance when done. It does not appear that the plaintiff, when he commenced the work, had any idea that any one would object to its completion, or that it would be arrested as a nuisance during its progress. But it does appear, that the defendant did know that such objections were made, and that he had been informed before the work was begun, by the party who obtained the injunction, that application would be made for an injunction if the work was begun. Under such circumstances, we believe

the plaintiff was fully excused from performing his contract, and should be allowed to recover for the value of the work done by him.

Let the judgment be affirmed.