## WILLIAM H. THOMAS

*v.*

## THE BOARD OF SUPERVISORS OF COOK COUNTY.

1. CHANCERY — *restraining a party from dismissing an employee*
Equity will not entertain jurisdiction to enforce against the board of supervisors a contract entered into by them, engaging the services of a party as overseer of the heating apparatus in the basement of a county court house, and restrain the dismissal of a party from such employment by injunction.

2. REMEDY *of an employee in such case.* If the board of supervisors violate such a contract, the courts of law are open to the party aggrieved, in which he can not fail to receive the full measure of redress to which he may be entitled.

APPEAL from the Circuit Court of Cook county; the Hon. E. S. WILLIAMS, Judge, presiding.

This was a suit in chancery, brought by appellant against appellees. The bill of complaint alleges that, on the 27th of September, 1869, the complainant entered into a contract with the board of supervisors of Cook county to run and keep in repair the heating apparatus, engine, etc., attached to the court house at Chicago, for the period of two years, commencing October 1, 1870, at a salary of $2,500 per annum; that about the 1st of April, 1870, the board of supervisors, by a resolution, appointed a committee of nine members of the board to investigate any and all charges that might be preferred against any persons in the employ of the county, or against any members of the board, and to report the result of their investigations to the board at their next meeting; that the committee proceeded to entertain and consider all manner of charges against divers persons in the employ of the county, and among others, charges were preferred against complainant by one Richard T. Crane, in writing; that there is no truth in the charges preferred against him by Crane, and that the committee has made a report to the board, recommending the

removal of the complainant, because of the charges so preferred and testified to by Crane, notwithstanding the complainant has had no fair and impartial investigation of the charges.

It is further alleged that the board of supervisors, acting upon the report of the committee, are about to cause his removal from his office as engineer in charge of the heating apparatus of the county; that, if the complainant is discharged in this summary way, his reputation as a mechanic and a citizen will be greatly injured, without an adequate remedy; that the complainant has not been guilty of any misconduct in the discharge of his duties, and if the board of supervisors do proceed to carry out their threat and discharge complainant, they will do him irreparable injury.

The bill prays that the board, and every member comprising the board, may be restrained from removing the complainant or interfering with him in any way, or from taking any action in regard to him, and that every member of the board be enjoined from acting in the matter, or voting upon the question of the removal of complainant.

To the bill of complaint a general demurrer for want of equity was filed by the defendants, and sustained by the court, injunction dissolved and bill dismissed.    The complainant appeals.

Messrs. HERVEY, ANTHONY & GALT, for the appellant.

Mr. LAMBERT TREE, for the appellees.

Mr. JUSTICE BREESE delivered the opinion of the Court:

The attempt disclosed by this record to exalt the overseer of the heating apparatus in the basement of a county court house, into an officer, and claim for him the protection of a court of equity, borders on the ludicrous.    With as much propriety, might an engine driver on a railroad claim protection from the court, when he has received notice of dismissal from

his employment. The idea is preposterous, and no precedent can be found for such a proceeding in any country, State or nation.

If appellant has made a contract with the board of supervisors which they have violated, the courts of law are open to him, in which he can not fail to receive the full measure of redress to which he may be entitled. The remedy there is complete, and equity has no jurisdiction.

We are unable to perceive any analogy between the cases cited by appellant and this case. The books furnish no precedent, and principle is wholly against it.

The decree must be affirmed.

*Decree affirmed.*