No. 17,134.

## SCHWIER ET AL. *v.* ZITIKE ET AL.

INJUNCTION.— *Contract for Personal Services.— Breach of.— School Board.—School Teacher.*—A board of school trustees can not be enjoined from violating its contract with a person, for his personal services as a teacher.

From the Jennings Circuit Court.

*N. Cornet, H. D. McMullen* and *H. R. McMullen,* for appellants.

*M. R. Connelley* and *W. G. Holland,* for appellees.

COFFEY, J.—This action was commenced in the Ripley Circuit Court, and, on change of venue, was sent to the Jennings Circuit Court. In the latter court a demurrer was sustained to the complaint, and the correctness of this ruling presents the only question for our consideration.

The material facts in the case, as shown by the allegations of the complaint, are that the appellants are residents and tax payers of the town of Batesville, in Ripley county, having children entitled to be taught in the common schools of the town. At some time, not named in the complaint, the appellees, as school trustees of the town, employed one Jackson, as principal of the schools in the corporation, to teach in room number one in the school building situate therein, for the school year 1893, commencing on the 4th day of September, 1893. On the 2d day of September, they employed one Benham, as principal, and put him in charge of room number one, and at the time of the commencement of this action he was in charge of that room, teaching therein and excluding Jackson therefrom. Benham is receiving three dollars per day as compensation as prin-

cipal of the school, which is paid out of the common school fund of the town, and threatens to teach the full term of nine months, under the terms of his contract with the trustees, and the trustees will permit him to so teach, and will pay him the agreed price for so doing, unless enjoined.

It is alleged that by reason of the fact that Benham holds schoolroom number one, and teaches therein, and excludes Jackson from teaching, that the appellants are deprived of the privilege of sending their children to that room for the purpose of education.

It is further alleged that Jackson, under the terms of his contract, is entitled to three dollars per day during the school year, and he will collect the same whether he teaches or is denied that privilege, and thus the school funds of the town will be wasted.

Upon these facts, the appellants seek to enjoin Benham from teaching and the school trustees from paying him for so doing, and to enjoin the trustees and Benham from excluding Jackson from room number one in the school building of the town of Batesville.

The allegations in this complaint to the effect that the appellants are deprived of the privilege of sending their children to be taught at room number one, by reason of the fact that Benham is teaching and Jackson excluded from the room, are without influence; for there is no allegation that Benham is not as competent, as a teacher, as Jackson, nor does it appear that the children are not at perfect liberty to attend and receive instructions from Benham. Nor are we able to perceive the force of the allegations that the school fund will be wasted if Jackson is not permitted to teach, for there is nothing in the complaint by which it is made to appear that the contract with Benham is not as binding on the board of trustees as the contract with Jackson. The sufficiency

of the complaint, therefore, depends, we think, upon the other allegation above set out.

Striped of all extrinsic matter, it appears from this complaint that Jackson and Benham each have a contract with the school board of the town of Batesville to teach school in room number one in the school building of that town, and that Benham is in actual possession of the room discharging his duties as a teacher under his contract.

While it does appear that Jackson is willing to teach, it does not appear that he has any particular anxiety upon the subject, or that he is unable to procure employment as a teacher elsewhere at as good wages as the contract he has with the board at Batesville will afford him. It does appear, however, that these appellants, as tax payers and patrons of the school, desire the discharge of Benham and the retention of Jackson. The question, then, is presented for our consideration as to whether these appellants can, by the extraordinary remedy of injunction, compel the school board of the town of Batesville to eject Benham from room number one and substitute Jackson as a teacher in his place. It does not appear what proportion these appellants bear to the other patrons of the school, nor does it appear that any of the other patrons desire any change.

It is quite clear, we think, that Jackson could not maintain an action against the school board of the town of Batesville to enjoin it from discharging him and employing another. Case of Mary Clark, 1 Blackf. 122; 5 Lawson Rights, Remedies and Practice, section 2595.

In the authority last above cited, it is said: "Contracts for work and labor, or for personal services, or personal skill or attention, will not be enforced; nor will the putting an end to such contracts, or dismissing a servant or employe, be restrained."

If Jackson, with whom the board made a contract, could not enjoin such board from dismissing him and employing another in his stead to teach the schools in the town of Batesville, it is difficult, if not impossible, to perceive how these appellants can perform that feat for him. To permit them to do so would be to permit that to be done by indirection which could not be done directly.

It is now so well settled that a person can not be enjoined from violating a contract for personal services, when such contract contains no negative stipulations, that it seems not to be an open question. 10 Am. and Eng. Encyc. of Law, 948; *Columbus Base-Ball Club* v. *Reiley*, 25 Weekly Law Bulletin, 385; *Harrisburg Base-Ball Club* v. *Athletic Ass'n*, 8 Pa. Co. Ct. Rep. 337; *Strobridge Lithographing Co.* v. *Crane*, 12 N. Y. Supp. 898; *Wm. Rogers Mfg. Co.* v. *Rogers*, 20 Atl. Rep. 467, 58 Conn. 356.

On the other hand, we think it is equally well settled that the employer can not be enjoined from a violation of such a contract, by discharging the employe.

The purpose of this suit, as we understand it, is to enjoin the school board of the town of Batesville from violating its contract with Jackson for his personal services as a teacher. In our opinion, such an action can not be maintained. For this reason the court did not err in sustaining a demurrer to the complaint.

Judgment affirmed.

Filed Jan. 5, 1894.