Reed, P. J.,
delivered the opinion of the court.
One George E. Rohrbaugh was employed as a fourth grade teacher in appellant school district. He administered to one Frank Flynn what was alleged to have been an unduly severe chastisement with- a leather strap. Complaint was made by the parents to the board of directors of the district, who investigated the ease with a good deal of care, considered the charge at two meetings of the board, at both of which Rohrbaugh attended with his friends and defended against the charges. As is generally the ease, the question divided the community of the district, and both the Flynns and the teacher had quite a number of adherents. At the second meeting of the board, the officers,-by a vote of three to two, decided tó *7 discharge the teacher at the expiration of thirty days; and he was so informed; whereupon appellee, alleging himself to be a taxpayer and the father of a boy attending that branch of the school taught by Rohrbaugh, filed the complaint and brought this suit in the interest of Rohrbaugh, asking an injunction restraining the board of directors from discharging Rohrbaugh, or in any way interfering with him in his employment as a teacher. In the absence of the district judge, application was made to the county judge, without notice to the other party, and a temporary injunction obtained. Application was made to the district court to dissolve the injunction, which was denied. A trial was had, and perpetual injunction decreed, and an appeal taken to this court. Much testimony was introduced to show that the action of the hoard was prejudiced and arbitrary, its proceedings irregular, and the discharge of the teacher unwarranted. Much counter testimony was put in by the board.
We do not find it necessaiy to examine the facts, decide upon the preponderance of the testimony or the regularity of the hoard’s proceedings. The facts stated in the complaint were insufficient to warrant equitable interference, confer jurisdiction and obtain injunction. If the teacher was employed and under contract to teach a given length of time, and he was arbitrarily discharged without sufficient cause, he had an adequate and speedy remedy at law for the violation of the contract. By statute the board of school directors are empowered to employ, and, for cause, discharge, teachers. If they abuse the discretion vested in them, and discharge without cause, they are liable in damages.
The provision of the Gen. Stats., sec. 3046, reenacted in Sess. Laws of 1887, p. 392, is: “ Every school board, unless otherwise especially provided by law, shall have power, and it shall be their duty, to employ or discharge teachers.” The teacher employed was not, as supposed by the learned judge, an officer, hut an employé,—in the language of the old authorities, a servant,—whose employment and discharge was in the discretion of the board. Nor can we find any author *8 ity sustaining the position of the court that a teacher cannot be summarily discharged by the board; nor can we find any authority authorizing and requiring the board to become a court for the trial of charges against a teacher, that he should be summoned to appear, given time to answer, and produce testimony, that he has a right to appear by counsel, cross-examine witnesses, etc.; nor “ that all proceedings toward his dismissal must be exercised in accordance with the recognized principles of law.” It would be the organization of a new court without any authority of law. The proper conduct and administration of schools and the good of the public require that the board should have the power of summarily discharging a teacher unfitted for the position. If unfit, his retention until the judicial determination was reached might work great harm. I express no opinion in regard to the merits of this case, nor whether the discharge was proper or improper. It was in the power and discretion of the board. As a taxpayer and patron of the school, all that the complainant could require was that the school should be open, under the charge of proper, competent and qualified instructors, as provided by law, and that his children should be allowed to attend, and afforded equal educational facilities with the balance. He had no authority in law or equity to compel the employment and retention of a particular teacher. If such rights were recognized and exercised in different directions by different taxpayers and patrons, the conduct of schools would be impossible. Another teacher was immediately substituted by the board, and there was no charge that she was not properly qualified and eminently fitted for the position, and that the child of complainant was not receiving all the benefits and rights to which it was entitled.
The law as to injunctions in this class of cases is stated in 2 Story Eq. Jur., sec. 956a, as follows:
“ The question has been made, how far a court of equity has.jurisdiction to interfere in cases of public functionaries, who are exercising special public trusts or functions. As to this, the established doctrine now is, that so long as those *9 functionaries strictly confine themselves within the exercise of those duties which are confided to them by the law, this court will not interfere. The court will not interfere to see whether any alteration or regulation which they may direct is good or bad.” And see Frewin v. Lewis, 4 Myl. & C. 254; Atty. Genl. v. Aspinall, 2 Myl. & C. 613; Auckland v. Board, L. R. 7 Ch. 597; 2 High on Inj., sec. 1242.
In Thomas v. Supervisors, 56 Ill. 351, complainant filed a bill to restrain defendants from removing him from his “office of engineer in charge of the heating apparatus of the county.” The allegations were: “ If the complainant is discharged in this summary way, his reputation as a mechanic and a citizen will be greatly injured, without an adequate remedy; * * * and if the board of supervisors do proceed to carry out their threat and discharge complainant, they will do him an irreparable injury.” This case is so parallel, and the opinion of Mr. Justice Breese so terse, emphatic and brief, that no apology is necessary for inserting it: “ The attempt disclosed by this record to exalt the overseer of the heating apparatus in the basement of a county courthouse into an officer, and claim for him the protection of a court of equity, borders on the ludicrous. With as much propriety might an engine driver on a railroad claim protection from the court when he has received notice of dismissal from his employment. The idea is preposterous, and no precedent can be found for such a proceeding in any country, state or nation. If appellant had made a contract with the board of supervisors which they have violated, the courts of law are open to him, in which he can not fail to receive the full measure of redress to which he may be entitled.” In the above case the bill was by the employé instead of the taxpayer.
The case of Schwier et al. v. Zitike et al., 136 Ind. 210, was almost an exactly parallel case. The school board hired Jackson to take charge of a department in the public school. Then one Benham was appointed to the same place, and assumed and entered upon the duties. The bill was by taxpayers and patrons to enjoin the discharge of Jackson. A demurrer was *10 sustained to the complaint, and the judgment affirmed in the supreme court. In the opinion it is said: “ If Jackson, with, whom the board made a contract, could not enjoin such board from dismissing him and employing another in his stead to teach the schools in the town of Batesville, it is difficult, if not impossible, to perceive how these appellants, can perform that feat for him. To permit them to do so would be to permit that to be done by indirection which could not be done directly. It is now so well settled that a person cannot be enjoined from, viola ting a contract for personal services, when such contract contains no negative stipulations, that it seems not to be an open question; ”—citing numerous authorities. See, also, case of Mary Clark, 1 Blackf. (Ind.) 122.
In Lawson on Rights, Remedies and Practice, sec. 2595, it-is said: “ Contracts for work and labor or for personal services, or personal skill or attention, will not be enforced ; nor will the putting an end to such contracts, or dismissing a servant or employé, be restrained.” See, also, Delahanty v. Warner, 75 Ill. 185; McCrea v. School Dist., 145 Pa. St. 550; State v. McGarry, 21 Wis. 502; Trimble v. People, 19 Colo. 187; People v. Martin, 19 Colo. 565.
It follows that the complainant had no ground for equitable relief; that the court was without jurisdiction, and the allowance of an injunction unwarranted. The decree will be reversed and cause remanded with instructions to dissolve the injunction and dismiss the suit.

Reversed.