## FULTON v. HEFFELFINGER.

[No. 2,847.    Filed Oct. 24, 1899.]

APPEAL AND ERROR.—*Misjoinder of Causes of Action.*—A judgment will not be reversed on appeal on account of misjoinder of causes of action.  *p. 106.*

MASTER AND SERVANT.—*Possession of Farmhouse.*—Where an employe has the use and occupancy of the farmhouse and garden of his employer as part remuneration for his services on the farm, his possession is that of his employer, and not an independent one.  *p. 107.*

CONTRACT OF HIRE.—*Breach.—Recovery.—Quantum Meruit.—Master and Servant.*—Where an employe engaged in the proper performance of the contract is prevented from completing the stipulated service by his employer, in violation of the contract, he may recover the reasonable value of his work, not exceeding the contract price, upon a *quantum meruit,* or may sue upon the contract for the breach thereof.  *p. 108.*

SAME.—*Breach.—Recovery.—Quantum Meruit.—Master and Servant.*—Where an employe has entered upon the service under a contract, and has performed work which has been accepted by the employer, but commits a breach of the contract, and is discharged, he cannot recover on the contract, but can sue only on the *quantum meruit.*  *pp. 108, 109.*

From the Wells Circuit Court.  *Reversed.*

J. S. Dailey, A. Simmons, F. C. Dailey and U. S. Lesh, for appellant.

A. N. Martin and W. H. Eichhorn, for appellee.

BLACK, J.—The appellee's complaint contained two paragraphs. The first showed an indebtedness of the appellant to the appellee on account for work and labor, for certain articles sold and delivered and cash expended, and for board and lodging furnished for employes of the appellant, all at his special instance and request. In a bill of particulars filed with this paragraph was a charge of $252, dated February 27, 1897, for one year's work on a farm. There were also other items of account for boarding furnished, articles sold, and cash paid, all prior to July 1, 1897.

Fulton *v.* Heffelfinger.

In the second paragraph it was alleged that on the 27th of February, 1897, the appellant hired the appellee to work upon the appellant's farm described, for a period of one year therefrom; that by the terms of the contract the appellee was to devote his time to doing farm work on said farm, to feeding and caring for a large number of cattle, hogs, and horses belonging to the appellant and kept on said farm; that, in consideration of appellee's promise so to devote his labor to appellant's services, the latter promised and agreed to pay the sum of $252, to furnish the appellee a dwelling-house upon said farm, together with a garden, yard, and all necessary appurtenances, to give appellee the right to cultivate for his own use three truck patches for raising vegetables, and to furnish fire-wood for housekeeping. It was alleged that the value of the use of the dwelling-house for a year was $60, that the value of the truck patches was $90 per year, and that the value of the wood privilege was $50 per year, all, with $252 cash, aggregating $452. It was also alleged that the appellant agreed to furnish and pay the appellee for one year's labor as aforesaid, from February 27, 1897, to February 27, 1898; that, pursuant to said agreement, appellee entered into possession of said dwelling-house, and planted his crops and vegetables upon said three patches, and until July 1, 1897, performed all work requested of him by the appellant, farmed for him, cared for and fed his live stock, and faithfully performed said contract; that on July 1, 1897, the appellant forcibly and unlawfully ejected appellee from said dwelling-house, discharged him from his service, refused to permit appellee longer to work for him, refused to furnish wood for appellee, and had taken forcible and unlawful possession of the truck patches so being cultivated by the appellee; that since his discharge appellee had been obliged to find another home for his family, had sought but had not found employment, and had been greatly damaged by the appellant's "breach of said contract;" and that the appellant was indebted to the appel-

lee in the sum of $452, the aggregate aforesaid, which was due and wholly unpaid; wherefore, etc.

The overruling of the appellant's motion to require the appellee to separate the several causes of action stated in the complaint, and to docket the same separately as separate causes of action, is assigned as error, and to some extent discussed by counsel for the appellant. Without regard to the question whether, as suggested in argument, the second paragraph is in tort, there could be no reversible error in the action of the court in overruling the motion. *File* v. *Springel*, 132 Ind. 312; *Fitzmaurice* v. *Puterbaugh*, 17 Ind. App. 318.

To the first paragraph of complaint there was an answer of general denial and an answer of payment. There was an answer of set-off directed to the whole complaint. In a paragraph of answer addressed to the second paragraph of complaint the appellant set forth a special contract of hiring at certain stipulated wages per month, and alleged various violations of its terms, and failures and refusals to perform the duties thereunder on the part of the appellee; that on account of these breaches, the appellant discharged the appellee from the service on the 1st of July, 1897; and that before the commencement of this action (which was commenced on the 14th of July, 1897) the appellant fully paid the appellee all the wages and money due him on the contract mentioned in the second paragraph of complaint, up to and including the 1st of July, 1897. There was a reply in denial. No question is before us relating to the sufficiency of any of the pleadings.

A trial by jury resulted in a verdict for the appellee in the sum of $185.86. Pending a motion for a new trial, the appellee remitted all of the amount of the verdict in excess of $140, for which sum the court, having overruled the motion for a new trial, rendered judgment.

Before filing his answer, the appellant offered to allow judgment to be entered against him in the sum of $105, and

the question chiefly argued relates to the amount of recovery, and certain instructions of the court affecting that question.

The evidence showed that the appellee commenced his services upon the farm in February, 1896, and that in February, 1897, there was an agreement that he should continue for the second year upon the same terms of employment, as to which there was some conflict in the testimony. The appellee's employment on the farm consisted of general farm work, cultivating the crops, and caring for the live stock. It appeared that he was to have, and did have, the use of the dwelling-house on the farm, and a garden adjoining it; also that he was to cultivate and to have as a part of his remuneration, in addition to his cash wages, one-half the products of certain "truck patches" on the farm, the appellant to have the other half. The appellee also, pursuant to the contract, furnished boarding and lodging to the other farm hands and meals to the harvest hands, at stipulated prices to be paid him by the appellant. At the time of the appellee's discharge from the appellant's service, and expulsion from the farm, he had planted and cultivated the garden and truck patches, and the vegetables therein were almost but not quite sufficiently matured for him to commence the use thereof. By his discharge and expulsion and removal from the farm he lost the use of the products of the garden and truck patches.

The appellee occupied and used the house, garden, and truck patches, by way of remuneration in part for his services, and in the capacity, not of a tenant, but of a servant, for the benefit of the appellant, and necessarily for the convenient performance of the service of cultivating the farm and caring for the live stock and boarding the appellant's other employes. His possession was not independent of the appellant, but was the possession of the appellant through his servant. *Chatard v. O'Donovan*, 80 Ind. 20, 41 Am. Rep. 782. If the appellant might rightfully discharge the appellee, and cause him to give up his employment on the farm, he might rightfully deprive him of the future occu-

pancy and use of the house, garden, and truck patches. If the discharge of the appellee was wrongful, the deprivation of the use of the house, garden, and truck patches was a part of the appellee's loss through the wrongful discharge. In either case, whether the discharge was rightful, being for due cause, or was wrongful, and without adequate cause, there would be a question as to what damages, if any, might be recovered on account of the expulsion from the house, garden, and truck patches under proper pleadings.

The second paragraph of complaint, relating to the expulsion, was a complaint for breach of an express contract of hiring for an entire period of one year, at an agreed and express compensation, through the discharge of the employe before the expiration of the term for which he was employed, the employe having in all things performed his part of the contract, and the discharge being without cause and wrongful.

. It is a rule that, where an employe engaged in the proper performance of the contract is prevented from completing the stipulated service by his employer, in violation of the contract, the employe may recover the reasonable value of his work, not exceeding the contract price, upon a *quantum meruit*, or may sue upon the contract for the breach thereof, and may recover such damages as will compensate him, including the value of his work and his loss, if any, suffered by reason of being prevented from completing the service. *Richardson* v. *Eagle Machine Works*, 78 Ind. 422; 41 Am. Rep. 584; *French* v. *Cunningham*, 149 Ind. 632; *Pape* v. *Lathrop*, 18 Ind. App. 633.

Where the employe has entered upon the service under a special contract, and has performed work which has been accepted and enjoyed by the employer, but has not completed the service, and has himself committed a breach of the contract, for which he has been discharged, he can not recover on the express contract, but can sue only on the *quantum meruit* and recover the amount in which the

Fulton *v.* Heffelfinger.

employer has been benefited upon his implied promise to pay the value of what he has received. *Everroad* v. *Schwartzkopf*, 123 Ind. 35; *French* v. *Cunningham, supra; Wolcott* v. *Yeager*, 11 Ind. 84. In an action on a special contract there cannot be a recovery on a *quantum meruit.* *Schaffner* v. *Kober*, 2 Ind. App. 409; *Pennington* v. *Nave*, 15 Ind. 323.

The evidence was conflicting upon the question as to the failure of the appellee properly to perform his duty under the contract, as to whether or not there was adequate cause for his discharge. In the instructions the court in various forms informed the jury that, if the evidence showed that the appellant had just cause to discharge the appellee from further service, the appellant would have no right to take possession of the garden and truck patches, and that if the appellant ejected the appellee therefrom he would be entitled in this action to recover the value at that time of the appellee's interest in the crops therein. If the appellee was rightfully discharged because of his breach of the express contract, he could not recover on that contract, and, whatever he might be entitled to recover under such facts as those presented in the court's instructions, he could recover only under a *quantum meruit*, which was not pleaded. If the instructions in question accurately stated a rule applicable to any case, they were not pertinent to the issues.

The judgment is reversed, and the cause is remanded for a new trial, with permission to the parties, upon application, to amend the pleadings.