## HOYLE v. STELLWAGEN ET AL.

[No. 3,596. Filed April 25, 1902.]

CONTRACTS.—*Proper Performance.—Cancelation.*—A contract for the building of a schoolhouse, providing that after due notice to the contractor that the work is not progressing rapidly enough, or that the work is not in accordance with the plans and specifications, the contract shall be canceled, does not give the other party to the contract the sole prerogative of deciding whether the work is being properly performed. *pp. 682, 683.*

SAME.—*Contractor Prevented from Completing Work.—Measure of Damages.*—Where a contractor enters into a special contract to build a

schoolhouse, and is prevented from completing the work solely by the action of the other party to the contract, the damages, in an action by the contractor, are measured by the contract, and not by the market price. *p. 685.*

From Lake Superior Court; *H. B. Tuthill,* Judge.

Action by John Stellwagen and others against William F. Hoyle for breach of contract. From a judgment for plaintiffs, defendant appeals. *Reversed.*

*Charles F. Griffin,* for appellant.

BLACK, J.—The appellees sued the appellant for breach of contract in writing, whereby the appellees were employed by the appellant to do certain carpenter work in the construction of a schoolhouse, the breach alleged being the discharge of the appellees after having performed labor thereunder, and before the completion of the work; the appellees alleging that up to the time of their discharge they had complied with all the conditions of the contract on their part to be performed, and had ever since been willing and ready to perform the contract. The contract contained a provision as follows: "It is further agreed by and between the parties hereto that after due notice in writing has been given that the work is not progressing rapidly enough, or that the work is inferior to that specified, in accordance with the plans and specifications and this contract, then this contract shall be canceled."

. It is contended on behalf of the appellant that this provision of the contract gave him the sole prerogative of deciding whether the work performed by the appellees was progressing rapidly enough, or whether it was inferior to that specified in the plans and specifications and the contract, and, therefore, that the court erred in instructing the jury, concerning the contract, as follows: "If the plaintiffs, up to the time of the service of the notice on them by defendant, had not, up to that time, committed a breach of it, then the defendant must be said to be the person who broke the contract," etc.; also, "that under the contract, the de-

fendant had no absolute right to declare the contract at an end, at his own will and pleasure, but only for good cause upon a non-performance or other breach by plaintiffs"; also, that by the clause of the contract above quoted "it became the duty of the plaintiffs to perform the said work in a proper and workmanlike manner and so to perform it as not to delay the other contractors or workmen upon other branches of the work being performed upon said building. By this is meant, it was the duty of the plaintiffs to reasonably perform and not unreasonably hinder others in their performance; and it is for you to determine in this case whether the plaintiffs, substantially and according to the terms of said contract, performed the work incumbent upon them, or whether they unduly hindered the work of the other contractors in an unreasonable manner."

It is to be observed that the portion of the contract in question does not provide that the employer may cancel the contract at any time if the work be not satisfactory to him, or be not approved by him. The work was not of a kind to be done with primary or special reference to the private taste or individual liking or approval of the employer, but was to be done with special reference to the plans and specifications and the other provisions of the contract of employment. The notice in writing provided for was not to be a notice of his disapproval or dissatisfaction, but was to be due notice of certain facts in their nature capable of proof. We think a proper construction requires that this particular provision meant that when the certain specified breaches of the contract or either of those breaches had in fact taken place, then, after due notice thereof in writing, the contract should be regarded as canceled.

We cannot conclude that a notice in writing of things which had no existence, of matters which could not be proved as facts, would be the due notice contemplated by the parties. The matter was not left to the caprice of the employer. If the work was done in the manner and with

the expedition contemplated by other stipulations of the contract, the employer could not, under cover of the provision in question, repudiate the work so done as stipulated. The provision in question must be taken in connection with the other portions of the contract dictating the requirements to be observed by the contractors; and, so long as they were fulfilling such requirements, a notice that they were not doing so could not be said to be the notice indicated by the provision in question. We find no available error in the instructions above quoted.

One of the court's instructions complained of by the appellant was as follows: "If you find that the defendant, within the instructions herein given, was not warranted in canceling said contract, then the plaintiffs are entitled to recover the full contract price of said work, which is $850, less what it would have cost them to complete the same, and less the amount of the contract they had performed, whether paid for or not; and in addition thereto they are entitled to recover the fair market value at East Chicago [the place where the house was being constructed] of the work already performed by them, less the amount they had received therefor."

The case presented by the instruction is not one where the work has been done or partly done by the contractor, but not in accordance with the contract, yet benefit necessarily has accrued to the employer; but the case supposed is one where the claim of recovery is based upon performance of the special contract of employment up to a stage where, without completion of the contemplated work according to the entire contract therefor, further progress has been stopped by the employer without fault or failure on the part of the contractor, who, in his action, has declared upon the special contract alone.

In Sutherland Dam. (2d ed.) §713, it is said: "In an action upon the contract against the employer for preventing complete performance, the contractor is entitled to

recover the contract price for the work actually done, and, in the absence of other damages, the difference between that price and what it would cost to perform the contract as to the residue."

Where performance of such a special contract is stopped by direction of the employer, the contractor may recover for what has been done upon a *quantum meruit,* treating the contract as rescinded, though the recovery can not exceed the value of the services at the contract price. In an action by the contractor upon the special contract he can not recover anything as upon an implied contract, for where there is an express promise none can be implied. Therefore, in such an action, the compensation for work already done under the contract sued on can not properly be measured by the market value of such work, but the value thereof should be estimated by the contract price. Expressions may be found which may seem to allow a different rule, but such expressions are inadvertent *dicta,* or if not such, they can not be permitted to control. See *Meyer* v. *Hallock,* 2 Rob. (N. Y.) 284; *United States* v. *Behan,* 110 U. S. 338, 4 Sup. Ct. 81, 28 L. Ed. 168; *Wilson* v. *Bauman,* 80 Ill. 493; *Whitfield* v. *Zellnor,* 24 Miss. 663; *Atkinson* v. *Morse,* 63 Mich. 276, 29 N. W. 711; *Ricks* v. *Yates,* 5 Ind. 115; *Richardson* v. *Eagle Machine Works,* 78 Ind. 422, 41 Am. Rep. 584; *French* v. *Cunningham,* 149 Ind. 632; *Schaffner* v. *Kober,* 2 Ind. App. 409; *Fulton* v. *Heffelfinger,* 23 Ind. App. 104, and cases cited.

Judgment reversed, and cause remanded for a new trial.