SCHWARTZ *v.* WAYNE CIRCUIT JUDGE.

MANDAMUS — INJUNCTION — BREACH OF EMPLOYMENT CONTRACT —
STAY OF PROCEEDINGS PENDING APPEAL.

Where a mandatory injunction was granted to a labor
union enjoining an employer from breaching a contract
to employ only union labor at union wages, the effect of
which would be to compel him to discharge 200 employees
and employ 300 union workers at union wages, mandamus
will issue to stay proceedings under the injunction pend-
ing appeal.

Mandamus by Bernard Schwartz and others, co-
partners as Bernard Schwartz & Sons, to compel
George O. Driscoll, presiding circuit judge of Wayne
county, to vacate an order denying a motion to stay
proceedings under a decree of injunction.    Submitted
October 25, 1921.    (Calendar No. 29,699.)    Writ
granted February 8, 1922.

*Benjamin & Betzoldt* (*J. O. Murfin,* of counsel), for
plaintiffs.

*Beckenstein & Wienner,* for defendant.

MOORE, J.    The plaintiffs filed a bill in chancery
against a very large number of individuals, and against
the Cigar Makers' International Union, and against
Local Union No. 22.    The plaintiffs are cigar manu-
facturers.    Until this controversy arose they always
ran a union shop.    For the purposes of this case it
is unnecessary to discuss in detail the occasion of the
differences which arose between these parties.    It is
sufficient to state that a controversy between the union
and the shop developed and it is claimed was ac-
companied by picketing, intimidation and like acts that

go with labor disturbances.    The plaintiffs filed a
bill of complaint reciting their alleged grievances and
prayed for an injunction in the usual form to restrain
picketing, interference, etc.    No individual defendant
appeared to defend the case and as to such as were
served orders *pro confesso* were duly entered.    The
local and international unions appeared, however, and
filed a cross-bill alleging, among other things, that
Schwartz & Sons, in consideration of an acceptance
by the union of a reduced scale of wages, agreed to
furnish employment to their shop capacity for a year;
this employment to be furnished to members of the
union only.    The cross-bill alleged a breach of this
contract and prayed for an injunction, mandatory in
its nature, to compel Schwartz & Sons to discharge
their present force and re-employ only members of
the cigar makers' union.

After a trial the court filed an opinion followed by
a decree in which Schwartz & Sons are permanently
enjoined—

"From continuing in their employ persons who are
not members in good standing of Cigar Makers' In-
ternational Union, Local No. 22; from hiring persons
other than members in good standing of Cigar Makers'
International Union, Local No. 22, to work for plain-
tiffs in the place and stead of the members of the
Cigar Makers' International Union Local No. 22, who
were discharged by plaintiffs in violation of said con-
tract, until after the 17th day of November, 1921;
and from hiring any persons other than members of
Cigar Makers' International Union, Local No. 22, to
work for plaintiffs in their plant, until after the 17th
day of November, 1921."

There is attached to the decree a scale of prices,
rules and regulations covering three typewritten
pages, with which the petitioners are directed to com-
ply.

It is claimed if the decree is given effect that

Schwartz & Sons would be compelled to discharge approximately 200 employees doing steady work and employ 300 workers to be furnished by the Cigar Makers' Union and to pay them a rate of wage fixed by decree of the court. This application is to stay proceedings under this decree until the case on its merits shall have been heard and decided. The lower court expressed doubt as to his power to stay proceedings under this mandatory injunction. This court upon the filing of this petition directed it to stay proceedings upon the filing of a bond until this motion was decided.

In the instant case the practical effect of the decree is to control the conduct of the business of the plaintiffs and if the decree is improperly made it should not be given effect until the case can be heard upon its merits. Should the decree of the court below be given immediate effect? The argument of counsel in favor thereof is as follows:

"Thus we have the rule which may be stated as follows:

"A court of equity will upon application of an employer enjoin an employee from working for another employer, in violation of contract where it appears that the employer will be unable to procure a substitute.

"Reversing the condition of affairs, and bearing in mind the principle of mutuality of remedies in a court of equity, we ask this court to apply the reasoning of such cases, and to lay down the converse rule:

"A court of equity will, upon application of an employee, enjoin an employer from hiring another employee, in violation of contract, where it appears that the employee will be unable to procure a substitute.

"In other words, if an employer may say to an employee: 'You cannot work for my competitor, because it is impossible for me to procure a substitute to take your place' we submit that the employee may say to the employer: 'You cannot hire my competitor,

because it is impossible for me to procure a substitute to take your place.' We will concede it would take a long search in the books to find a case in which a court has applied the rule for which we contend. But that search will also reveal that it is a rare case where the court has been asked by an employee to do it." Citing *Turner* v. *Hampton* (Ky. 1906), (97 S. W. 761).

That case was very short and it was said:

" 'On the facts of the case an injunction was the proper remedy as in no other way could the plaintiff obtain adequate relief.'
\* \* \*

"In the case at bar, it appeared that because of the business depression, it was impossible for the employees to procure a substitute employer. This fact brings the case within the universally recognized rule, and entitles the employees to the injunction they prayed for, and which was granted to them by the lower court.

"Cases of this kind where the employees are seeking redress in the courts, are rare. Labor in the past has failed to take advantage of a resort to the courts for redress of its grievances, to the degree which capital has done so. In this case, labor comes into a court of chancery and asks relief analogous to that which has been granted to capital. Courts of equity exist for the very purpose of furnishing relief in cases where the ordinary rules of law have no technical application. And:

" 'It should not be forgotten, however, that in the increasing complexities of modern business relations, equitable remedies have necessarily and steadily been expanded, and no inflexible rule has been permitted to circumscribe them.' 25 R. C. L. p. 227."

A search will be made in vain in R. C. L. for an authority where an injunction in a case like the one before us was issued.

In 14 R. C. L. at p. 385, it is said:

"General Principles as to Breach by Employee.—The courts have shown greater reluctance in reference to

enjoining a man from performing personal service or labor than from conducting a business. The general rule in respect to contracts for personal service seems to be that for a breach thereof a party must avail himself of the remedy afforded at law, and that it will not be specifically enforced indirectly by an injunction restraining the employee from leaving the service of his employer, especially where the services to be rendered are not of an individual and peculiar character. The right of an employee engaged to perform personal services to leave that service rests on the same basis as the right of his employer to discharge him from further personal service. If the leaving in the one case, or the discharging in the other, is in violation of the contract between the parties, the one injured by the breach has his action for damages, and a court of equity will not indirectly or negatively, by means of an injunction restraining the violation of the contract, compel the affirmative performance from day to day, or the affirmative acceptance of merely personal services. Relief of that character has always been regarded as impracticable, for if the relation of employer and employee is to be of value or profit to either, it must be marked by some degree of mutual confidence and satisfaction."

At page 390 of the same authority it is said:

"Breach by Employer.—The same principle controls in case of a breach by an employer, the rule being that an injunction will not lie to compel him to refrain from breaking his contract with his employee and to retain the latter in his service when he is not acceptable to him for service of that character, as a court of equity will not by means of an injunction compel the affirmative acceptance by the employer of the personal services of his employee from day to day; besides the remedy of the employee at law for damages is adequate and complete."

See *Reid Ice Cream Co.* v. *Stephens*, 62 Ill. App. at p. 339; *Southern Bell, etc., Telegraph Co.* v. *City of Birmingham*, 211 Fed. 709; *Boyer* v. *Telegraph Co.*, 124 Fed. 246; *Stone Cleaning & Pointing Union* v.

*Russell*, 77 N. Y. Supp. 1049; *Goldfield Consolidated Mines Co.* v. *Miners' Union*, 159 Fed. at p. 515; *Osius* v. *Hinchman*, 150 Mich. 603 (16 L. R. A. [N. S.] 393); *H. W. Gossard Co.* v. *Crosby*, 132 Iowa, 155 (109 N. W. 483, 6 L. R. A. [N. S.] 1115).

The law has been stated as follows:

"Under ordinary circumstances an employee, whether classed as an agent or as a servant, cannot enforce a contract for service by enjoining a breach on the part of his employer. So the employer will not be enjoined from dismissing an employee or from refusing to continue to employ him, even though such action is a direct violation of contract. * * * For reasons similar to those given for refusing to enjoin the dismissal of an employee, the breach of a contract to employ only members of a certain union will not be enjoined." 22 Cyc. p. 856.

We think the injunction issued based upon the record as made should be stayed.

The writ of mandamus will issue as prayed, with costs.

WIEST, STONE, CLARK, BIRD, and STEERE, JJ., concurred with MOORE, J.

SHARPE, J. I concur in granting the writ of mandamus ordering the stay of proceedings pending the appeal to this court. Until that appeal be heard, I am of the opinion that we should not determine whether the permanent injunction provided for in the decree was properly or improperly granted.

FELLOWS, C. J., concurred with SHARPE, J.