JANALENE, INC., ET AL. *v*. BURNETT

[No. 27,724.   Filed June 1, 1942.]

*Joseph & Dann,* of Indianapolis, for appellants.
*Weiss, Born & Weiss,* of Indianapolis, for appellee.

FANSLER, J.—The appellee Hazel Burnett began this action on behalf of herself and all other members of Local 277, International Ladies Garment Workers' Union, who are employees of Janalene, Inc., alleging that the union, as the agent of such employees, entered into a contract by the terms of which the corporation agreed that it would not contract with other manufacturers for the manufacture of its merchandise so long as there were needle machines available for producing such merchandise in its plant. It is alleged that there has been a breach of this agreement; that the corporation had entirely ceased to manufacture its merchandise in its own plant, and had refused to permit its employees, for whom said contract was made, to produce its merchandise, to the damage of the employees in loss of wages in the sum of $14,000; that the corporation is continuing to have its merchandise manufactured by others; and that it has notified its employees that it

does not intend to perform any part of its contract. It is further alleged that this breach of contract irreparably damages the plaintiff and those in like situation; that they have no adequate remedy at law, and that the damages will continue indefinitely unless enjoined; that they have complied with all of their obligations under the contract; that the corporation is likely to become insolvent. The appellants Sternberger are made parties to the complaint in their capacity as officers of the corporation and as individuals. There is a prayer that the defendants be enjoined from contracting with other manufacturers for the production of their merchandise, and for damages, and that a receiver be appointed for the corporation.

The Sternbergers separately and severally demurred to this complaint upon the grounds (1) that the court had no jurisdiction of the subject-matter in so far as injunctive relief is asked; (2) that in so far as injunctive relief is asked there is a defect of parties plaintiff in that the union is a necessary party; and (3) that in so far as injunctive relief is asked the complaint does not state a cause of action against them as defendants. This demurrer was overruled, and the ruling is assigned as error.

The court had jurisdiction to grant an injunction if the complaint otherwise stated a cause of action. The union is not a necessary party, since it is alleged in the complaint, and it appears from the contract which is an exhibit, that the contract was made for the benefit of the members of the union, who were employees of the corporation, and the injury complained of was an injury to the employees and not to the union. If the complaint states a cause of action against the Sternbergers at all, it states a cause for injunctive relief. They were officers of the corporation,

and it is quite common, in enjoining a corporation from doing certain acts, to enjoin its officers and agents. As against these objections, there was no prejudicial error in overruling the demurrer.

The corporation demurred to the complaint upon the same grounds.

Under the assignment that there was error in overruling the several demurrers, the appellants make the following contentions only:

That the union was a necessary party plaintiff. This is upon the theory that where two or more parties to a contract have a common interest in the relief sought upon an alleged breach, all must be joined as parties plaintiff. But the cases cited by appellants to support this contention involve joint and unseverable interests, and do not apply.

It is also contended that the single act alleged to have resulted in a breach of the contract is the "enter(ing) into contracts with numerous manufacturers . . . for the manufacture of all of the merchandise used and sold by the said defendant corporation . . . and have . . . refused to employ this plaintiff . . . and has refused to permit . . . (plaintiff) . . . to produce the said merchandise. . . ."

It is the appellants' contention that the allegations of the complaint do not disclose a "hiring of contractors" in violation of the terms of the contract, but merely the purchase of merchandise from other manufacturers. But the appellants have selected an isolated phrase. The complaint alleges that the corporation "entered into contracts with numerous manufacturers within and without the State of Indiana for the manufacture of all of the merchandise used and sold by the said defendant corporation."

We think the complaint sufficiently alleges, and that the evidence sufficiently shows, that the corporation contracted with other manufacturers to manufacture garments which it usually manufactured in its own plant, and that this is the type of contracting that was referred to in the contract.

A witness was asked whether the union and its members had carried out all of its duties under the contract, and the witness, over objection, was permitted to answer that they had. The appellants contend that this is a mere conclusion; that the plaintiff had the burden of proving the performance of all of the terms and conditions of the contract binding upon her and upon the union, and that there is a failure of proof. The contract is long and involved, and provides for arbitrating certain differences and similar matters. There is no suggestion that the employees failed or refused to comply with the contract in any respect. A long and detailed examination of the witness as to each item of the contract, and as to whether there had been any refusal or failure to perform, would have resulted in many conclusions by the witness that there had been no breach of specific requirements rather than the one conclusion as to all of them. Cross-examination was available for the development of details. We believe that under the circumstances the testimony was sufficient to warrant a finding of compliance.

Appellants contend that there is no evidence that the defendants refused to submit to arbitration, but there is. Defendants denied that their contract with other manufacturers for the making of garments was a violation of the contract. The employees contended that it was a violation of the contract, and wanted to arbitrate the question. The defendants re-

plied that there was nothing to arbitrate. This is a sufficient showing of refusal to arbitrate.

The trial court concluded that the plaintiff was entitled to a mandatory injunction, requiring the defendant corporation to submit the question of ■■ damages for a breach of the contract to arbitration under an arbitration clause in the contract. The arbitration clause of the contract provides that the shop steward shall determine whether there are any violations of the agreement, but this has already been determined by the court. There is no express provision for the settlement of the amount of damages for breach of the contract by the shop steward or by arbitrators, and it may well be doubted whether such a settlement was in contemplation of the parties. But even though the contract contemplated the arbitration of damages, such arbitration agreements are seldom, if ever, specifically enforced in equity. 3 Am. Jur., Arbitration and Award, § 74, p. 906, and cases cited.

The court's conclusion was erroneous, as is the judgment in so far as it follows this conclusion.

The objection to the other conclusions of law and the decree resting upon them is that there was no evidence that the appellants "hire contractors." We have disposed of this question, and, since there are no other objections made, the other conclusions of law and the judgment resting upon them must stand.

The judgment is reversed, with instructions to restate conclusion of law No. 4, and to modify the judgment by striking out and eliminating clause C, and the judgment is otherwise affirmed.

Note.—Reported in 41 N. E. (2d) 942.