FAULTLESS CASTOR CORPORATION ET AL. *v.* UNITED ELECTRICAL, RADIO & MACHINE WORKERS OF AMERICA, CIO, LOCAL 813, ET AL.

[No. 17,899. Filed June 29, 1949.]

*Isidor Kahn, Harry P. Dees, Arthur R. Donovan,* and *Robert Kahn;* and *Kahn, Dees, Donovan & Kahn* (of counsel), all of Evansville, for appellants.

*Sydney L. Berger,* of Evansville, for appellees.

DRAPER, J.—The appellant Faultless Castor Corporation entered into a collective bargaining agreement with the appellee Unions. The agreement embraced

all of the company's production and maintenance workers and provided, among many other things, for seniority rights, and for a grievance procedure in connection with the discharge of any of such employees.

The company discharged the four individual appellees, each of whom was a member of the Union, and the Unions and the four discharged employees, alleging the company had refused to follow the agreed procedure with reference to arbitration, brought this action against the company and the four officers thereof who are also appellants here. They prayed for a temporary injunction during the pendency of the cause and for a permanent injunction on final hearing.

The trial court made findings of fact and granted a temporary injunction in favor of all appellees and against all appellants in which the latter were enjoined and restrained from (a) locking out the individual plaintiffs or any other of their employees in violaton of said Contract; (b) discharging or disciplining said employees except in accordance with the provisions of said Contract; (c) preventing said employees from resuming work as such employees in accordance with said Contract. This appeal is from that order.

This is not a class action. The Unions sued in their own names as entities. They are unincorporated associations of individuals, and the appellants insist the court erred in granting them any relief. The appellees say that since the appellants failed to raise the question by demurrer or answer they waived it, and cannot now raise it for the first time on appeal. They rely on Burns' 1946 Replacement, §§ 2-1007 and 2-1011. Those sections provide, among other things, that the defendant may demur to the complaint when it appears on the face thereof that the plaintiff has no legal capacity to sue; and where such does not appear on the face thereof, the objection may be taken

by answer; and if no such objection is taken either by demurrer or answer, the defendant shall be deemed to have waived the same.

First disposing of the appellees' contention, we hold the appellants have not waived the question. They have, in fact, filed no motion or pleading whatever. They still have the right to test the sufficiency of the complaint for a permanent injunction by demurrer, and to meet the allegations thereof by answer. We are not reviewing a final judgment. The temporary injunction is incidental to the main action. It rests on the complaint as filed. The complaint and the evidence introduced are sufficient for present purposes if they reveal a proper subject for investigation in a court of equity. The question is whether the trial court abused its discretion in granting the temporary injunction. We may scrutinize the complaint though no pleading has been addressed to it. *Tuf-Tread Corp.* v. *Kilborn* (1930), 202 Ind. 154, 172 N. E. 353.

Although we cannot find where the precise question has been decided in Indiana, we are not without guidance on the question of the right or power of unincorporated associations to sue or be sued in their assumed name. In *Karges Furniture Co.* v. *Amalgamated, etc., Union* (1905), 165 Ind. 421, 75 N. E. 877, injunctive relief was sought against an unincorporated labor organization. Our Supreme Court there said that in the absence of an enabling statute defining the rights of such associations, they "are not, in the collective capacity and name, recognized at common law as having any legal existence distinct from their members; hence no power to sue or to be sued in the company name. Such unincorporated associations, so far as their rights and liabilities are concerned, are rated as partnerships, and to en-

force a right either for or against them, as in partnerships, the names of all the individual members must be set forth either as plaintiffs or defendants." *Cf. Wilson* v. *Airline Coal Co.* (1933), 215 Iowa 855, 246 N. W. 753. We had no such enabling statute at that time, nor have we any now.

*Colt* v. *Hicks* (1933), 97 Ind. App. 177, 179 N. E. 335, in which case transfer was denied, was a class action brought against the appellants as members and representatives of a Union for death benefits alleged to be due the appellee because of the death of her husband. The appellants asserted the court had no jurisdiction over their person. A number of authorities were reviewed and this court said that in the enactment of what is now Burns' 1946 Replacement, § 2-220, the legislature adopted the equitable doctrine of parties by representation, and it was held that an unincorporated association was properly suable in a class action at law.

There now seems to be no question, at least so far as injunction cases are concerned, that where such an association seeks an injunction against an employer, a member may bring the action on behalf of himself and all other members of the union who are employed by the defendant, *Janalene, Inc.* v. *Burnett* (1942), 220 Ind. 253, 41 N. E. 2d 942; and when an injunction is sought against an unincorporated association, the members or representatives of such may be enjoined, and by alleging a conspiracy, and that the members of the union participating are too numerous to be brought into court individually, a sufficient basis is laid for enjoining all the members. *Muncie Building Trades Council* v. *Umbarger* (1938), 215 Ind. 13, 17 N. E. 2d 828. It thus appears that *Karges Furniture Co.* v. *Amalgamated, etc., Union, supra,* has been

modified by the other cases above referred to, so that it is no longer necessary to set forth the names of all the individual members as plaintiffs or defendants, but it is still authority for the proposition that an unincorporated association has no power to sue or be sued in the company name. We, therefore, conclude that the court erred in granting relief to the appellee Unions.

Perhaps there is a need for permitting such associations to sue and be sued as entities in the name by which they choose to be known. But this court is bound by the pronouncements of our Supreme Court, and that court has said that such associations do not have the right or power so to do. The need for change in that respect, if such there be, can not create legislative power in the courts.

We are, then, left with four individuals who seek personal relief for an injury to themselves. We first consider the lockout feature of the order. By its contract the company agreed there should be no lockouts. The evidence discloses that out of several hundred employees who were members of the Unions, the four were discharged. There is no evidence and no claim that any of the others were discharged or threatened with discharge. So far as this record discloses all but the four appellees are still employed. We can find no evidence to sustain any finding of a lockout as the same has been defined by this court. *Adkins* v. *Indiana Employment Security Division* (1946), 117 Ind. App. 132, 70 N. E. 2d 31.

This appeal was originally taken to the Supreme Court, and that court transferred the case to us. Burns' 1946 Replacement, § 4-214, subdiv. 13, provides that all appeals from interlocutory orders granting or refusing to grant a temporary injunction shall be taken directly to the Supreme Court. But Acts of 1933, ch.

12, § 10, being Burns' 1940 Replacement, § 40-510, provides that whenever any court of the State of Indiana shall issue or deny any temporary injunction in a case involving or growing out of a labor dispute, an appeal therefrom shall be taken to the Appellate Court.

There is a diversity of opinion as to whether a statute such as Acts of 1933, ch. 12, § 10, by which the authority of a court to issue an injunction in a labor dispute has been restricted, is or is not applicable to a suit for an injunction brought by one party to a collective bargaining agreement against the other for the purpose of enforcing his rights thereunder. Some courts take the view that such a statute is applicable. Others take a contrary view. See 156 A. L. R. 678, Subdiv. IV.

In its order transferring this case to this court the Supreme Court expressly finds "that this is an appeal from the granting of a temporary injunction arising out of a labor dispute," and that the appeal should have been taken to this court as provided by Acts of 1933, ch. 12, § 10. That decision is binding on this court, and we accordingly hold that the temporary injunction under consideration was issued in a case involving or growing out of a labor dispute. That being true, the trial court was expressly forbidden by statute to issue an injunction in this case unless the appellees were without an adequate remedy at law. Acts of 1933, ch. 12, § 7, being Burns' 1940 Replacement, § 40-507.

It is well settled in Indiana that an employee who has been wrongfully discharged and refused employment contrary to his contract with his employer, may recover from his employer in an action at law. *Pennsylvania Co.* v. *Good* (1914), 56 Ind. App. 562, 103 N. E. 672; *Fulton* v. *Heffelfinger* (1899), 23 Ind. App. 104, 54 N. E. 1079; *Inland Steel Co.* v.

*Harris* (1911), 49 Ind. App. 157, 95 N. E. 271; *Haddon School Twp., Sullivan County* v. *Willis* (1936), 209 Ind. 356, 199 N. E. 251; *U. S. Reduction Company* v. *Nussbaum* (1942), 112 Ind. App. 330, 42 N. E. 2d 403; *Watts* v. *Geisel* (1935), 100 Ind. App. 92, 194 N. E. 502.

The contract under consideration does not require the appellees to perform any unique or extraordinary service nor does it contain any negative stipulations with reference to the relationship between the appellees and the company. Under such a contract an injunction will not issue to prevent the discharge of an employee, *Schwier et al.* v. *Zitike et al.* (1894), 136 Ind. 210, 36 N. E. 30, nor will the contract be specifically enforced. *Thiebaud, Trustee, et al.* v. *The Union Furniture Co.* (1896), 143 Ind. 340, 42 N. E. 741; *Dukes* v. *Bash* (1902), 29 Ind. App. 103, 64 N. E. 47; *Hall* v. *Delphi-Deer Creek Twp. School Corp.* (1934), 98 Ind. App. 409, 189 N. E. 527.

Although the relationship between these parties grew out of a collective bargaining agreement, the case nevertheless resolves itself into one where four individuals seek an injunction which would restore them to their positions. Such relief will not be granted at the behest of individuals for whose benefit a collective bargaining agreement has been made. *Beatty* v. *Chicago, B. & Q. R. Co.* (1935), 49 Wyo. 22, 52 P. 2d 404. See also *Chambers* v. *Davis* (1922), 128 Miss. 613, 91 So. 346; and *Schwartz* v. *Driscoll, Judge* (1922), 217 Mich. 384, 186 N. W. 522.

*Beatty* v. *Chicago, B & Q. R. Co., supra,* was much like the present case on its facts, and many of the cases here relied upon were there analyzed and considered. There, as here, the action was essentially one by an individual member to compel reinstatment to a position from which he had allegedly been wrongfully removed,

and for the enforcement of seniority rights. It was there held that the employee could not compel reinstatement.

> The appellees are not without a remedy. They have an adequate remedy at law, and so under the ▉ statute, to say nothing of general equitable principles, the injunction should not have issued.

The appellees rely strongly on *Janalene, Inc.* v. *Burnett, supra*. But that case was unlike the present. That was a class action brought on behalf of all the members of the Union for whose benefit the contract was made. It was brought to prevent the employer from contracting with others for the manufacture of its merchandise. The case does not hold that individual members of a Union, who have an adequate remedy at law, may by injunction compel restoration to their positions after being discharged.

We think the present case does not reveal a proper subject for investigation in a court of equity, and the trial court abused its discretion in granting the temporary injunction.

Reversed and remanded for further proceedings not inconsistent with the views herein expressed.

Martin, J., not participating.

Royse, J., concurs with opinion.

## CONCURRING OPINION

ROYSE, J.—I do not think it necessary to consider the question of whether there was a lockout in this case. In my opinion that is immaterial in deciding the question which the majority has correctly held requires a reversal of this case.

NOTE.—Reported in 86 N. E. 2d 703.