EDWARD T. ROSS

*v.*

GARRETT CLAWSON.

1. PLEADING—*of the description of the makers of a note executed by partners.* Where a declaration upon a promissory note, in the introductory part thereof, described the defendants, Edward T. Ross and George M. Hinckley, partners,

doing business under the name of Ross & Hinckley, and then averred they made the note sued upon—that is, substantially, an averment, that the note was executed by them as partners.

2.  PLEADING AND EVIDENCE—*of the admissibility of a note in evidence, as declared upon.* Where it is averred in a declaration upon a promissory note, the instrument declared upon was executed to " Garrett Clawson,"—a note which is made payable to " G. Clawson " will support the averment.

WRIT OF ERROR to the Court of Common Pleas of the city of Cairo; the Hon. JOHN OLNEY, Judge, presiding.

This was an action of assumpsit, upon a promissory note, brought by Garrett Clawson, against Edward T. Ross and George M. Hinckley.  A special count in the declaration describes the parties to the note as follows:  " Garrett Clawson, plaintiff in this suit, by Munn & Pope, his attorneys, complains of Edward T. Ross and George M. Hinckley, partners, doing business under the name, style and firm of Ross & Hinckley, defendants, of a plea of trespass on the case on premises, for that, whereas, the defendants, on &c., at &c., made their promissory note in writing, and delivered the same to the plaintiff, and thereby promised to pay to the plaintiff or order, two hundred and thirty dollars and twenty-five cents, for value received, in thirty days after the date thereof, which period has now elapsed, and the defendants, then and there, in consideration of the premises, promised to pay the amount of the said note to the plaintiff, according to the tenor and effect thereof."

The note offered in evidence, under this count, was as follows : - " Thirty days after date, for value received, we promise to pay G. Clawson, or order, the sum of two hundred and thirty dollars and twenty-five cents.

Cairo, Sept. 2, 1867.

        (Signed,)            ROSS & HINCKLEY,"

and was objected to.

1st.  Because payee of note was not correctly described.

2d.   That those who executed the note did so as partners. The court admitted the note in evidence, and rendered judgment for the plaintiff, against the defendant Ross, who, alone, was served with process, whereupon he sued out this writ of error, and insists that his objection to the note in evidence was well taken.

Mr. S. P. Wheeler, for the plaintiff in error.

Messrs. Munn & Pope, for the defendant in error.

Mr. Chief Justice Breese delivered the opinion of the Court:

This was an action of assumpsit, brought to the Court of Common Pleas of the city of Cairo, by Garrett Clawson, against Edward T. Ross and George M. Hinckley, as partners, on the following note: "Thirty days after date, for value received, we promise to pay G. Clawson, or order, the sum of two hundred and thirty dollars and twenty-five cents.   Cairo, Sept. 2, 1867.                    ROSS & HINCKLEY."

The declaration, in the introductory part, describes the plaintiff as Garrett Clawson, and the defendants, Edward T. Ross and George M. Hinckley, partners, doing business under the name and style of Ross & Hinckley, and then avers that they made their promissory note in writing, and delivered the same to the plaintiff.

With this special count on the note, were the common counts.   Process was served on Ross only, and the general issue being pleaded by him, the cause was submitted to the court, without a jury.

On presenting the note as evidence, the defendant objected, but the court admitted it in evidence, and the defendant excepted.

This was all the evidence, and the court found for the plaintiff, and assessed the damages at two hundred and thirty-six

dollars, and, after overruling a motion for a new trial, rendered judgment for that amount.

To reverse this judgment, the defendant brings the record here by writ of error, and makes the objection that the note was improperly admitted as evidence.

Counsel, in support of the objections, refers to the case of *Johnson* impleaded, &c., v. *Buel et al.*, 26 Ill. 66.

That case is not like this. Here, it is substantially averred in the declaration, that the note was executed by the defendants as partners. There was no such averment, or an equivalent to it, in the case cited.

It differs from the case of *Hurd et al.* v. *Curtis et al.*, 18 ib. 188, also cited by plaintiff in error. In that case, the declaration averred that the note was executed by Israel A. Hurd, William C. Hurd and John M. Noteler, as joint makers of the note. There was no allegation that they were partners, or that they used the signatures of Hurds and Noteler; hence, the note offered did not support the simple allegation that Israel A. and William C. Hurd, and John M. Noteler executed the note. It did not show that they were the Hurds and Noteler who signed the note.

The case of *Brent* v. *Shook*, 36 ib. 125, does not appear to us to have any bearing on this case. That merely decides that a plaintiff, describing himself as administrator, being upon a note executed to him as administrator, and not making profert of his letters of administration, shall be considered as suing in his own right, and the addition of "administrator" held to be mere description of the person.

In this case, it is substantially alleged that the note was executed by the defendants as partners, and, under the general issue, their liability as such was admitted.

As to the remaining objection, that the note was payable to G. Clawson, and there was no averment that Garrett Clawson is the same person, and no offer or attempt to prove it,—under the authority of the case of *Greathouse* v. *Kip*, 3 Scam. 331,

and of *Pickering* v. *Pulsifer*, 4 Gilm. 79, that fact will be presumed. In Kip's case, the note was averred to be made payable to Theodore H. H. Kip. The production of a note signed T. H. H. Kip, was held to sustain the averment, without further proof.

In the other case, the declaration averred that Loring Pickering made the note. A note signed L. Pickering was the only evidence offered on the trial, and it was held the averment was supported. See, also, on this point, *Cooper* v. *Bailey*, 52 Maine, 230.

Perceiving no error in the record, the judgment must be affirmed.

*Judgment affirmed.*