Walter *v*. The State.

Filed Feb. 20, 1886.

———————

No. 12,901.

## WALTER *v*. THE STATE.

CRIMINAL LAW.—*Grand Jury.—Empanelment.— Indictment.*—Where the record discloses enough to authorize the inference that the grand jury were lawfully empanelled, that is sufficient on motion to quash an indictment.

INTOXICATING LIQUOR.—*Selling Without License.—Indictment.*—Where the indictment for selling without a license charges a sale on a certain day, to a certain person, of "intoxicating liquor, in a less quantity than a quart, to wit, one gill of lager beer, at and for the price of five cents," it sufficiently charges a sale in a less quantity than a quart *at a time.*

SAME.—*Clerical Omission.*—Where the indictment properly charges a sale of intoxicating liquor, the mere clerical omission of the word "liquor" after the word "intoxicating," in the part alleging that the defendant was not licensed, is not a fatal defect.

SAME.—*Statute.—Repeal.*—Section 2090, R. S. 1881, on the subject of selling without license, has reference to classes of business other than the sales of intoxicating liquors, and does not repeal section 5320, which has special application to such sales.

SAME.— *Variance.—" Jack " and " John."*—Where the indictment charges a sale to "Jack Murphy," proof that his right name is " John Murphy" does not constitute a variance.

SAME.—*Former Jeopardy or Conviction.—Parol Evidence.*—A former conviction, or a former putting in jeopardy, can not be proved by parol evidence alone, without laying the proper foundation for secondary evidence.

SAME.—The best evidence of the result reached at a former trial is the record, and parol evidence is merely for the purpose of identification.

From the Knox Circuit Court.

*H. S. Cauthorn* and *J. M. Boyle,* for appellant.

*F. T. Hord,* Attorney General, and *W. B. Hord,* for the State.

NIBLACK, C. J.—The record before us shows that the following proceedings were had in the court below on the 12th day of September, 1885:

"Now, on this day, come the grand jury of Knox county, and return into open court indictments numbered respectively, namely: 2590, 2591, 2596, 2597, 2600, 2601, 2602, 2603, 2604, 2605, 2606, 2607, 2608 and 2609, each of said indictments being endorsed 'a true bill,' signed by C. Hollingsworth, foreman, and also signed by the prosecuting attorney, and said indictments are now examined by the court and marked filed by the clerk."

The indictment known as No. 2608, omitting the formal conclusion, is, in words and figures, as follows:

"Knox Circuit Court, September Term, A. D. 1885. The State of Indiana *v.* Theodore Walter. Indictment for selling without license. The grand jurors of Knox county, in the State of Indiana, good and lawful men, duly and legally impanelled, sworn and charged, in the Knox Circuit Court of said State, at the September term for the year 1885, to inquire into felonies and certain misdemeanors, in and for the body of said county of Knox, in the name and by the authority of the State of Indiana, on their oath do present that one Theodore Walter, late of said county, on the 15th day of July, A. D. 1885, at said county and State aforesaid, did then and there unlawfully sell to Jack Murphy malt and intoxicating liquor, in a less quantity than a quart, to wit, one gill of lager beer, at and for the price of five cents, he, the said Theodore Walter, not then and there having a license to sell such intoxicating in a less quantity than a quart at a time."

A motion to quash this indictment being first overruled, a trial by the court resulted in finding the defendant guilty as charged, in overruling a motion for a new trial, and in a judgment against the defendant upon the finding.

Walter *v.* The State.

It is first insisted that it is not sufficiently shown by the record that the grand jury was properly impanelled before returning the indictment, and that for that reason the motion to quash the indictment ought to have been sustained. But under the more recent decisions of this court, the record in this case discloses enough to justify the inference that the grand jury were lawfully impanelled. *Alley* v. *State,* 32 Ind. 476; *Powers* v. *State,* 87 Ind. 144; *Stout* v. *State,* 93 Ind. 150; *Epps* v. *State,* 102 Ind. 539; *Padgett* v. *State,* 103 Ind. 550.

It is next insisted that the indictment is materially defective in failing to aver that the sale was in a less quantity than a quart *at a time;* also, in its failure to charge that Walter had no license to sell intoxicating *liquor.*

In respect to the objection thus first made, the indictment is sufficient under the rules of pleading in criminal proceedings, recognized in the cases of *Arbintrode* v. *State,* 67 Ind. 267 (33 Am. R. 86), and *Mullen* v. *State,* 96 Ind. 304.

As regards the second objection, last above made, it is sufficient to say that, taking all the averments in the indictment into consideration, it is obvious that the words " such intoxicating," used in the concluding sentence, evidently refer to the *intoxicating liquor* previously charged to have been unlawfully sold, and that the failure to repeat the word " liquor," in that connection, was a merely clerical omission, not constituting a fatal defect.

It is still further insisted, that section 12 of the act of 1875, touching the sale of intoxicating liquors, known now as section 5320, R. S. 1881, under which this indictment was returned, has been superseded and impliedly repealed by the section of the act of 1881, known as section 2090, R. S. 1881, which reads as follows: " Whoever, by himself or agent, transacts any business or does any act without a license therefor, when such license is required by any law of this State, shall be fined not more than two hundred dollars

nor less than five dollars," and that, on that account, the indictment ought to have been quashed.

It is a rule of statutory construction that a general statute, without negative words, does not repeal the particular provisions of a former statute on a special subject, unless the two statutes are irreconcilably inconsistent. Potter's Dwarris on Stat. 154; Sedgwick Stat. Law, 97; Smith Com. 879; *Brown* v. *County Commissioners*, 21 Pa. St. 37; *Omit* v. *Commonwealth*, 21 Pa. St. 426.

The statutes of this State on the subject of the sale of intoxicating liquors have always been, as they still are, special and exceptional. Section 5320 is, consequently, not inconsistent with, or repealed by, the subsequent enactment of section 2090, the provisions of which ought to be construed as having reference to classes of business other than the sale of intoxicating liquors.

At the trial, Charles Calloway was the principal witness for the State. He was recalled and also testified on behalf of the defendant, amongst other things, as follows: " I know Jack Murphy, and have known him for some time; his right name is John Murphy, but I always call him Jack Murphy, and have often heard others so call him, but can not say how he is generally called."

The rule fairly deducible from the authorities is, that if two names are taken promiscuously to be the same name in common use, though they differ in sound, there is no variance between them. Where two names are derived from the same source, or where one is an abbreviation or corruption of the other, but both are taken by common use to be the same, though differing in sound, the use of the one for the other is not a misnomer. 1 Bishop Crim. Proc., sec. 689. Jack and Jock are ordinarily only diminutive names for John, and Jack, *prima facie* at least, stands for John. See Webster's Dictionary, latest edition, page 1759.

The evidence of Calloway, above set out, was nothing

more than an affirmation of the *prima facie* inference that Jack Murphy was only another name for John Murphy. It was, therefore, not a misnomer to designate John Murphy as Jack Murphy, in the indictment in this case, as contended by counsel.

Calloway, as a witness on behalf of the defendant, further stated: " I did testify to the same facts and the same sale to Jack Murphy, on the said 15th day of July, 1885, of beer, on a trial in this court at the October term, 1885, of the State of Indiana against the defendant, Theodore Walter." No record or other evidence of any previous trial of the cause then in hearing was introduced, and on motion of the prosecuting attorney, entered before the close of the trial, this last named statement of Calloway was struck out and disregarded by the circuit court.   It is claimed that the evidence, thus struck out and disregarded, tended to show that the defendant had previously been put in jeopardy on the same charge, and that hence such evidence was erroneously struck out and disregarded.   This court held in the case of *Dunn* v. *State*, 70 Ind. 47, that the question as to whether a person on trial has been previously tried for the same offence, is a question of fact, to be determined partly by the record of the former proceeding and partly by evidence outside of the record.   The evidence outside of the record, thus alluded to, has reference to the parol evidence necessary for the purpose of identification in such a case, and which can only be given in connection with the record.   That case does not decide, and hence ought not to be construed as deciding, that either a former conviction, or a former putting in jeopardy, can be proven by parol evidence alone, without laying the proper foundation for secondary evidence.

The best evidence of the result reached at a former trial is the record presumably made of the trial when it was concluded.   *Farley* v. *State*, 57 Ind. 331; *Peachee* v. *State*, 63 Ind. 399; *Felton* v. *Smith*, 88 Ind. 149 (45 Am. R. 454);

Wharton Crim. Ev., sections 592, 593; Greenleaf Ev., vol. 1, section 457; vol. 3, section 36. For the reasons given, the circuit court did not err in striking out the reference made by Calloway to a former trial.

The judgment is affirmed, with costs.

