## STATE V. PORTER *et al.*

A bail bond provided: "An order having been made * * * that Charles Porter be held to answer on the charge of * * * upon which he has been duly admitted to bail, * * * we, C. M. Porter, as principal," and others as sureties, "undertake that the above Charles Porter shall appear and answer." The bond was signed by C. M. Porter and the sureties and justified by the sureties in the usual form. Held, that the recitals in the bail bond, in connection with the presumption that the officer in taking the bond did his duty, were sufficient evidence that "C. M. Porter" and "Charles Porter" were one and the same person.

(Opinion filed April 5, 1904.)

Appeal from circuit court, Minnehaha county; Hon. JOSEPH W. JONES, Judge.

Action by the state against C. M. Porter and others. From a judgment for plaintiff, certain of the defendants appeal. Affirmed.

*Robertson & Dougherty* and *G. R. Krause,* for appellants.

*W. D. Scott,* for respondent.

CORSON, P. J. This is an action by the state upon a bail bond. Verdict and judgment were in favor of the plaintiff, and the defendants Meldrum and Barnes have appealed. In the complaint in this action it is alleged in substance, that on the 30th day of July, 1901, a complaint was made before L. C. Harrington, county justice of the peace in and for Minnehaha county; that upon such complaint an order was duly issued by such justice for the arrest of the defendant C. M. Porter; that the said C. M. Porter was arrested, and thereafter brought before said justice for trial, and, waiving an examination, was held to answer to the circuit court and admitted to bail; that on

the date above mentioned the said defendants C. M. Porter, J. G. Meldrum and E. C. Barnes executed a bail bond pursuant to law, the material parts of which are as follows: "An order having been made on the 30th day of July, A. D. 1901, that Charles Porter be held to answer upon the charge of an assault with a dangerous weapon with intent to do great bodily injury upon which he has been duly admitted to bail, * * * we, C. M. Porter, as principal, and J. G. Meldrum and E. C. Barnes as sureties do hereby undertake that the above-named Charles Porter shall appear and answer." This bail bond is signed by C. M. Porter and the sureties, and contains the justification of said sureties in the usual form. The bail bond was made a part of the complaint. Upon the trial the defendants Meldrum and Barnes, who were the only defendants served with process, objected to the introduction of any evidence in the case upon the ground that the complaint fails to state a cause of action in favor of the plaintiff and against these defendants or either of them. This motion was overruled by the court, and the defendants excepted. At the conclusion of the plaintiff's evidence the defendants moved the court to strike out all the evidence for the reason that the same failed to prove a cause of action against the defendants in that it appears that the charge in the justice court was against Charles Porter; that Charles Porter was arrested, and was held to answer, as appears from the bail bond, instead of C. M. Porter as alleged in the complaint; and that it appears that C. M. Porter was one of the undertakers in the bail bond for the appearance of Charles Porter. This motion was overruled by the court, and the defendants excepted. Thereupon the defendants Meldrum and Barnes moved the court to direct a verdict in their favor upon the same

grounds, which motion was also denied by the court, and exception taken.   Thereupon the jury returned a verdict in favor of the plaintiff.   A motion for a new trial was made and denied.

The question presented for our consideration is, was the court warranted in holding that C. M. Porter and Charles Porter were one and the same person, without further proof than that contained in the bail bond itself?   The appellants contend that, in the absence of affirmative proof that Charles Porter and C. M. Porter are and were one and the same person, it was the duty of the court to sustain the motions made by the two sureties.   The respondent, however, contends, in support of the ruling of the court, that as Charles Porter was required by law to furnish a bail bond before the justice was authorized to discharge him, and, it appearing from the said bond that C. M. Porter executed the bail bond as principal and the two defendants as sureties, it will be presumed that Charles Porter and C. M. Porter, who executed the bond as principal, were one and the same person.   We are of the opinion that the respondent is right in its contention.

By the Code of Criminal Procedure of this state, it is provided that a party held to answer may be admitted to bail upon giving the same by sufficient sureties; that the sureties must justify; and that upon the execution of the required bail bond the defendant, if in custody, shall be discharged therefrom. Sections 585, 588, 589, Code Cr. Proc.   Whether or not the principal, Charles Porter, was required to execute the bail bond in person it is not necessary now to decide, as it is sufficient for the purposes of this decision that C. M. Porter, purporting to be the principal, executed the bail bond, and that upon the execution of the bail bond the party arrested as

Charles Porter was discharged from custody. The recitals in the bail bond, therefore, that the same was executed by C. M. Porter as principal, was, in our opinion, sufficient proof, taken in connection with the presumption that the officer in taking the bond performed his duty in discharging Charles Porter from custody, that Charles Porter and C. M. Porter were one and the same person, and that the trial court was right in so holding. As bearing upon this question, see Keith v. Sturges, 51 Ill. 142; Ross v. Clawson, 47 Ill. 402; Lyon v. Kain, 36 Ill. 362; Walter v. State, 105 Ind, 589, 5 N. E. 735; Veasey v. Brigman (Ala.), 9 South. 728, 13 L. R. A. 541; Rupert v. Penner (Neb.), 53 N. W. 598, 17 L. R. A. 824; State v. Flack, 48 Kan. 146, 29 Pac. 571.

The case of Andrews v. Wynn, 4 S. D. 40, 54 N. W. 1047, decided by this court upon demurrer cited by the appellants, in which it was held that the court would not take judicial notice that Edward H. Andrews and E. H. Andrews were one and the same person, or that E. H. is not the full Christian name of a person, is not in point; there being no allegation in the complaint in that case, directly or indirectly showing that E. H. Andrews and Edward H. Andrews were one and the same person. The case at bar, however, presents a very different question, as it affirmatively appears from the complaint, the bail bond being made a part thereof, that Charles Porter and C. M. Porter were presumptively one and the same person. The circuit court, therefore, was clearly right in denying defendants' motions, and the judgment of that court and the order denying a new trial are affirmed.