## GRAU v. GRAU.

[No. 5,539. Filed April 27, 1906.]

1. PLEADING.—*Complaint.—Contracts.—Breach.—Motion to Make Specific.*—A motion to make more specific, in an action for breach of contract and for specific performance, should be overruled to a complaint alleging that defendant paid all the debts which he owed by the profits of his farm which plaintiff had cultivated for three years in consideration that defendant, upon the payment of all of his debts, would deed to plaintiff twenty acres of land, there being no claim that plaintiff paid such debts. p. 637.

2. JUDGMENT.—*Complaint.—Paragraphs.—Specific Performance. —Damages.*—Where a complaint consisted of two paragraphs, the first for specific performance and the second for damages, and there was a money judgment only, it affirmatively appears that the judgment rests on the second paragraph. p. 638.

3. PLEADING.—*Complaint.—Contracts.—Breach.—Damages.—Due and Unpaid.*—It is not necessary that a complaint for damages for a breach of contract should in terms allege that the claim is due and unpaid, where it appears from the entire complaint that it is due and unpaid. p. 638.

4. SAME.—*Complaint.—Contracts.—Breach.—Nominal Damages. —A* complaint which shows a breach of contract by defendant entitles plaintiff at least to nominal damages and is therefore sufficient as against a demurrer. p. 638.

5. APPEAL AND ERROR.—*New Trial.—Evidence Not in Record.—* Where the evidence is not brought into the record, questions raised by the motion for a new trial cannot be considered. p. 639.

From Whitley Circuit Court; *Joseph W. Adair,* Judge.

Suit by Charles Grau against George Grau. From a decree for plaintiff, defendant appeals. *Affirmed.*

*Benton E. Gates* and *D. V. Whiteleather,* for appellant. *Andrew A. Adams,* for appellee.

ROBINSON, J.—Appellee's complaint is in two paragraphs. The first asks the specific performance of a contract to convey land, and the second, damages. Answer, denial, and, to the second paragraph, payment. Trial, finding for appellee for $900, and judgment accordingly.

The first paragraph of amended complaint avers that on September 10, 1900, appellant purchased twenty acres of land, described; that he owned eighty acres in addition, and was largely in debt, both on account of such purchase and other accounts; that he was in feeble health and was unable to work or manage the farm, and was in danger of losing his farm or suffering great loss on account of such debts; that at that time appellee, who is the son of appellant, was over the age of twenty-one years and desirous of working on his own account; that to induce appellee to remain on the farm and cultivate it, and thus enable appellant to pay his debts, appellant promised and agreed that if appellee would remain on the farm and manage and cultivate the same without compensation, and turn the proceeds over to appellant, appellant would, after such debts were paid, convey to appellee by warranty deed the twenty acres of land, and would further assist appellee by erecting a house thereon for him; that appellee accepted such offer, and at once took the charge and management of the farm, cultivating the same and turning over the proceeds thereof to appellant; that he put appellee in possession of the twenty acres under

the terms of the agreement; that he made lasting and valuable improvements thereon in the way of clearing, reclaiming and ditching; that more than six months before the bringing of this action appellant, from the proceeds of the farm, had paid and discharged all such debts, the character and amount of which appellee can not give; that thereupon appellee demanded a conveyance of the twenty acres and the erection of the house; that appellee has fully complied with all the terms of the agreement; that he managed and cultivated the farm for about three years without other compensation than such agreement; that he turned over all the proceeds and earnings of the farm to appellant, or permitted him to collect such earnings; that appellant has neglected and refused to execute the deed or erect the house, and has ejected appellee from the land. Appellee asks that the court require the execution of the deed, and for damages.

The second paragraph is substantially the same as the first, averring the relationship of the parties, the purchase of the twenty acres, the agreement between the parties; that appellee performed all the labor in cultivating the farm, took care of the stock, and had general charge and management of the farm; that he received no compensation whatever for his services, relying on the contract and permitting appellant to collect the profits of the farm; that he so continued for about three years, and until appellant had discharged such debts, the amount of which appellee is not advised; that he demanded, before the bringing of this suit, that appellant should convey the land to him and erect the dwelling, which appellant refused to do; that appellee has fully complied with the terms of the agreement, but that appellant has wholly failed therein, to appellee's damage in the sum of $2,000, for which he asks judgment.

Appellant's motion to make the complaint more specific, showing the debts paid by appellee, the amount of each, and to whom paid, and showing what crops or moneys he turned over to appellant, with dates and amounts, was properly overruled. It sufficiently appears

1.

from the complaint that all the proceeds from the land for about three years were received by appellant, either directly from appellee or in collecting the profits from others. It is not claimed in the pleading that appellee himself paid appellant's debts, but that they were paid by appellant from the proceeds of the land.

As the court did not decree a specific performance, but gave a judgment for damages only, it can be said that it affirmatively appears that the judgment rests on the second paragraph. This paragraph asks damages for the breach of the contract.

2.

A demurrer for want of sufficient facts was overruled. It is not necessary that the complaint should aver in express terms that the claim is due and unpaid. In *Single-ton* v. *O'Blenis* (1890), 125 Ind. 151, the court said: "We recognize the rule which requires, in an action to recover damages for breach of contract, that the complaint allege nonpayment and that the claim is due. But this may not be alleged in express terms. If, taking the pleading altogether, it appears therefrom that the claim is due and unpaid, this is sufficient." Citing *Humphrey* v. *Fair* (1881), 79 Ind. 410; *Aughie* v. *Landis* (1884), 95 Ind. 419; *Wagoner* v. *Wilson* (1886), 108 Ind. 210; *Jaqua* v. *Cordesman & Egan Co.* (1886), 106 Ind. 141.

3.

The complaint avers sufficient facts to show a breach of the contract between the parties, by appellant. It is a well-settled rule that where there has been a breach of contract by one of the parties the other is at least entitled to recover nominal damages (*Rosenbaum* v. *McThomas* [1870], 34 Ind. 331; *Browning* v. *Simons* [1897], 17 Ind. App. 45; *City of Dunkirk* v. *Wallace* [1898], 19 Ind. App. 298), and that in an action for a breach of contract, a complaint which states facts entitling the plaintiff to nominal damages is sufficient against a demurrer (*Richter* v. *Meyers* [1892], 5 Ind. App. 33; *City of Dunkirk* v. *Wallace, supra*).

4.

As the evidence has not been brought into the record, no question is presented upon the motion for a new trial.

Judgment affirmed.