Monical *v.* Heise—49 Ind. App. 302.

## MONICAL ET AL. *v.* HEISE ET AL.

[No. 7,831. Filed March 9, 1911. Rehearing denied May 9, 1911. Transfer denied January 26, 1912.]

1. SCHOOLS. — *Buildings.* — *Bonds.*—*Towns.*—*Statutes.*—*Specific.*—*Repeal by Implication.*—Section one of the act of 1909 (Acts 1909 p. 100) providing that "in all cities, except cities of the first and second class, * * * and in incorporated towns" the boards of school trustees in such towns may borrow money and issue bonds as such school board may determine upon giving certain notices, impliedly repeals the act of 1907 (Acts 1907 p. 655 §§6556-6559 Burns 1908), providing that school boards in towns of "less than 5,000," may contract debts for building school houses when authorized by a resolution of the town board, and also the act of 1907 (Acts 1907 p. 576, §§6565-6570 Burns 1908), providing that the boards of school trustees of towns of "not more than 2,000" may borrow money for building school houses when authorized by a resolution approving it passed by the town board. pp. 304, 306.

2. STATUTES. — *Special.* — *Subsequent General.*—*Effect.*—A subsequent general statute will not ordinarily repeal by implication a prior special one. p. 305.

3. STATUTES.—*Reënactment.*—*Prior Limiting Ones.*—The reënactment of a former statute does not ordinarily repeal an intermediate limiting one, but such limiting statute will be held to limit the reënacted statute. p. 305.

4. STATUTES.—*Intention.*—The intention of a statute should govern in its construction. p. 306.

5. PLEADING.—*Theory.—Complaint.—Striking out Parts.*—Where a complaint cannot be made sufficient on the theory upon which it is based, striking out parts thereof is harmless. p. 309.

From Orange Circuit Court; *Thomas B. Buskirk,* Judge.

Suit by John W. Monical and others against Edward M. Heise and others. From a judgment for defendants, plaintiffs appeal. *Affirmed.*

*Brooks & Brooks,* for appellants.

*Perry McCart, Bernard Korbly* and *Willard New,* for appellees.

LAIRY, J.—This was a suit for injunction brought by appellants to restrain appellees Heise, Shirley and Carter, constituting the school board of the town of Orleans, and also the board in its corporate capacity, and others, from issuing a series of bonds to assist in erecting a schoolhouse, also to enjoin them from applying the proceeds of said bonds in erecting said school building, and also to forbid them from contracting for the erection of said building.

The complaint is in three paragraphs. There was an appearance by all the defendants when Shirley was substituted for one of the original defendants, Hollowell, whose term of office had expired. Appellees filed a motion to strike out parts of the several paragraphs, which motion was sustained. Demurrers were filed, and sustained, to each paragraph of the complaint. Appellants excepted to these rulings of the court, and refused to plead further, judgment was then rendered against them, and from that judgment this appeal is prosecuted.

The complaint proceeds on the theory that the town of Orleans had, at the time the complaint was filed, a population of 1,250 persons, according to the last United States census, and that the board of school trustees of said town were proceeding to issue and sell bonds for the purpose of

raising money to be used in paying the expenses of erecting a school building in said town, without first having filed with the board of trustees of said town a report, under oath, showing the actual or estimated amount required to pay for said building, or the ground upon which it was to be erected, and without the passing of any resolution by the board of trustees of said town approving of the erection of said building or the sale of said bonds.

The facts are differently presented in each paragraph of complaint, but the same question is presented by each. Appellant claims that the school board of a town of

1. the size of Orleans cannot proceed to issue and sell bonds for the purpose named in the complaint unless it proceeds in accordance with the acts of 1907 (Acts 1907 p. 655, §§1-4, §§6556-6559 Burns 1908, and Acts 1907 p. 576, §§1-6, §§6565-6570 Burns 1908). The trial court held that the act of 1909 (Acts 1909 p. 100), amending §1 of the act of 1903 (Acts 1903 p. 350, §6572 Burns 1908), had the effect to repeal the two acts of 1907, *supra,* relied on by appellant. If the construction placed by the trial court upon these various acts is correct, there was no error in sustaining the demurrer to the several paragraphs of the complaint.

The act of 1903, *supra,* is a general act applicable to the school boards of all cities incorporated under the general laws of the State and to the school boards of all incorporated towns. This act contained no provision requiring a school board to file any petition or obtain any order or resolution of the common council of a city or the board of trustees of a town before proceeding to issue and sell bonds.

The two acts of 1907, *supra,* are both special, one of them applying to all cities or incorporated towns having a population of less than five thousand inhabitants, and the other applying to all incorporated towns having a population of not more than two thousand inhabitants. Both of these acts contain provisions in reference to the filing of a petition by

the board of school trustees of such city or town with the common council of such city, or the board of trustees of such town, and to the passing of a resolution by such common council or board of trustees approving the issue and sale of bonds for the purposes therein provided.

The act of 1909, *supra,* amends §1 of the act of 1903, *supra.* Such act of 1909 applies to all cities of Indiana except cities of the first and second class, and to all incorporated towns in the State. The provisions of this section are practically the same as those of said §1 of the act of 1903, except that the provisions of said act of 1903, in reference to submitting the question of incurring the school debt to the electors of the city or town, in case the debt proposed to be incurred exceeds three-fourths of one per cent, is omitted from the amended section. The amended section contains no provision for a petition to the common council of a city or the board of trustees of a town, or for any resolution of such common council or town board authorizing the sale of bonds or other evidence of indebtedness.

Does the act of 1909, *supra,* amending §1 of said act of 1903, repeal by implication the two special acts of 1907?

2. It is a canon of statutory construction that a later statute, general in its terms, and not expressly repealing an earlier statute, will ordinarily not affect the special provisions of such earlier statute. Lewis's Sutherland, Stat. Constr. §274; Potter's Dwarris, Stat. 154; *Waterworks Co.* v. *Burkhart* (1872), 41 Ind. 364; *Walter* v. *State* (1886), 105 Ind. 589.

3. "A later law which is merely a reënactment of a former does not repeal an intermediate act which has qualified and limited the first one, but such intermediate act will be deemed to remain in force, and to qualify or modify the new act in the same manner as it did the first." Lewis's Sutherland, Stat. Constr. §273. See, also,

VOL. 49—20

*Collins Coal Co.* v. *Hadley* (1906), 38 Ind. App. 637; *Blain* v. *Bailey* (1865), 25 Ind. 165; *Powell* v. *King* (1899), 78 Minn. 83, 80 N. W. 850; *Small* v. *Lutz* (1902), 41 Or. 570, 67 Pac. 421.

The foregoing rules of construction are well recognized, and it is insisted by appellant that they apply to the statute here under consideration. There can be no question that these rules apply in cases where the later act is general in its terms. The reason which has been given for the application of these rules is, that in passing a special act the legislature has its attention directed to the special case which the act was made to meet; and it will not be considered that in passing a later general act it had the special circumstances in mind which induced the passage of the provisions of the special act. If, on the other hand, the later act is special and not general in its nature these rules do not apply.

This brings us to a consideration of the question as to whether §1 of the act of 1909, *supra,* which amended §1 of the act of 1903, heretofore referred to, is such a general law as to warrant the application of the canons of construction under consideration, or whether it is of such a special character as to preclude their application. The intention of the legislature is to govern, and this intention must be gathered from the language of the act. If the language used is such as to warrant the inference that the legislature in passing it was simply making a general provision on the subject in reference to the cities and towns of the State, without intending to affect special provisions on the same subject previously made by special laws as to some of them, then this section would not be held to repeal the special acts of 1907, *supra;* but if the language of this amending section indicates that the legislature, at the time it passed said section, considered all the cities and towns of the State, and made such a classification of them as was

deemed necessary to adapt the law to the circumstances of each class, then the amending statute should be held to repeal by implication all special acts making a different classification.

Section one of the act of 1909, *supra*, is not general in its provisions. It excepts from its operation cities of the first and second class, and this fact would indicate that no further exceptions were intended.

In the case of *Coe* v. *City of Meriden* (1877), 45 Conn. 155, the supreme court of that state was called upon to construe the following statute: "Any person aggrieved by the appraisal of damages in laying out any highway, or in making any improvement or public work in any city (except Bridgeport) or borough, or by the assessment of benefits therefor, may appeal from such appraisal or assessment to any judge of the Superior Court, within thirty days after public notice shall be given of such appraisal or assessment," etc. The court said: "It appears in this case that at the time the statute was passed the charter of the city of Meriden provided that appeals of the character of the present one should be taken to the superior court in the county of New Haven; and it is claimed that the charter, having been made with particular reference to the city of Meriden, was not repealed or modified in respect to such appeals by the statute in question, on the principle that particular statutes are not repealed by subsequent general statutes unless so expressed in definite terms, but are to be regarded as excepted from their operation. The reason of the rule is, that where the attention of the legislature has been called to a particular subject, and a special provision has been made regarding it, it cannot be supposed that they intended to repeal it, when subsequently enacting a general statute in relation to the same subject. It is reasonable to presume that the special provision was not in the mind of the legislature when the general enactment was passed, and that therefore no express exception was made. But the principle

does not apply to the statute in question, for the obvious reason that it is definite and particular, in fact as much so as the charter itself. In the first place, the statute applies only to the cities and boroughs of the state, and the present question relates only to that part of it which applies to the cities. Here the language is, 'Any person * * * in any city * * * except Bridgeport * * * may appeal,' etc. Suppose all the cities of the state except Bridgeport had been named in the statute, would it have been in fact more definite than it is? The exception made, out of the small number of the cities, shows clearly that the attention of the legislature was called to each particular city, and each was considered before the statute was enacted; and hence the singular number was used—'in any city.' And inasmuch as the statute was not intended to apply to all the cities of the state, it became necessary to adopt one of two courses in drafting it. One was, to name all the cities to which the statute was intended to apply, and the other to name those to which it was not intended to apply. Obviously the latter course was adopted for the sake of brevity merely, inasmuch as but one exception was intended to be made. Furthermore, at the time this statute was passed all the cities of the state had special provisions in their char-ters regarding appeals of a like character to the present one. The claim made would exempt everyone of them from the provisions of the statute; and this absurdity would follow, that a statute which was made in positive terms to apply to every city in the state except Bridgeport, does not apply to one of them, because the charter of each had a special provision regarding appeals at the time the statute was enacted. In further support of the view we have taken, we might refer to the principle, well established in the construction of statutes, that when a statute makes an exception from its provisions, it is to be presumed that all the exceptions were made which were intended.''

Section 1 of the act of 1909, *supra*, is definite and partic-

ular, and must be held to repeal by implication the special acts of 1907, *supra*. The trial court did not err in sustaining a demurrer to each paragraph of the complaint.

As the several paragraphs of complaint are each insufficient to state a cause of action, even when considered in connection with that stricken out, and as neither paragraph could have been so amended as to make it good without an entire change of theory, we hold that appellants were not harmed by the court's sustaining the several motions to strike out.

The judgment of the trial court is affirmed.