HALL *v.* DELPHI-DEER CREEK TOWNSHIP SCHOOL
CORPORATION ET AL.

[No. 14,941.   Filed March 30, 1934.]

*Smith & Smith, Joseph T. Ives,* and *Gus A. Hall,* for appellant.

*John H. Cartwright, James P. Wason,* and *Benjamin A. Carr,* for appellees.

SMITH, J.—Appellant brought this action against appellee, School Corporation of Delphi-Deer Creek Township, Carroll county, Indiana, to recover damages for the breach of a contract of employment to teach in the public schools of appellee in the city of Delphi, Carroll county, Indiana.

The complaint is in three paragraphs, to each of which appellee filed a separate demurrer, which demur-

rers were sustained; and, upon appellant's refusal to plead further, judgment was rendered against her in accordance with the statute.

A motion by appellee to strike out parts of the third paragraph of the complaint was sustained. The rulings upon the several demurrers and this motion are each assigned as errors for reversal.

From the conclusion we have reached in this case, it will be necessary to consider only the second paragraph of complaint and the sustaining of the demurrer thereto.

For an understanding of the questions presented, we will set out in substance the second paragraph of complaint, which alleges that on the 5th day of May, 1930, appellant was duly licensed to teach school in the state of Indiana; that, on said date, the then trustees of appellee made, entered into, and filed upon its records in its office in the city of Delphi, the following order:

"Motion was made and carried that the teachers as listed on attached list be employed at the salaries indicated and the Superintendent is instructed to contract with all those willing to contract at the salary indicated.
Signed:
L. M. Pletcher, Pres.,
Theodore H. Baum, Treasurer,
Carl C. McFarland, Sec.,"

that in the list attached to said order appellant, being then unmarried, was listed as follows: "Doris Garner, $175.00 per month, approved by Board 1930-1931;" that L. M. Pletcher, Theodore H. Baum, and Carl C. McFarland were then trustees of appellee, and constituted the school board of the city of Delphi and Deer Creek Township, Carroll county, Indiana; that the officers of the school board were as above named; that C. T. Amick was the superintendent of said school; that, upon the 24th day of May, 1930, the superintendent, under and

by direction of said order, prepared and tendered to appellant a contract in writing which appellant accepted, a copy of which is made a part of the complaint; that the superintendent returned said contract to the files of appellee in its office in the city of Delphi, and accepted the same; that appellant entered upon her duties as teacher in the school of appellee under and by virtue of the terms of said written contract signed by her, and the written order of the appellee employing her to teach in said schools; that appellant taught in the appellee's school from the beginning of the school term in the fall of 1930 until September 5, 1930, when she was wrongfully and unlawfully discharged by appellee, and was thereafter prevented by appellee from carrying out her part of the contract; that during the entire school year, appellee refused to permit appellant to perform her duties under said contract, all without fault on her part; that, after appellee breached said contract, the appellant offered to perform the duties incumbent upon her by said contract and order of appellee, and notified appellee that she was ready, able, and willing to carry out her part of said contract and order; that, after her dismissal by appellee, appellant attempted to secure employment as a teacher elsewhere, but was unable to do so; and was damaged in the sum of $2,500 by reason of the breach of appellee, and prays judgment for said sum.

The contract referred to as a part of the complaint was signed by appellant, and provides for her employment to teach in the public schools of appellee for the school term commencing in September, 1930, for the school year of nine months, for the sum of $1,575 to be paid in nine equal installments during the school year at the rate of $175 per month; and then follow other formal parts of the contract, which are not necessary to set out herein.

The question to be determined in this case is, Do the written order, heretofore set out, which was signed by the members of the school board, and the contract signed by appellant together constitute such a contract as contemplated by the statutes that an action for damages may be maintained against appellee for its breach?

To determine this question it will be necessary to notice the statutes providing for the making of contracts by school trustees with teachers. In 1899, the Legislature passed a statute consisting of two sections; the first (2 Burns Ann. St., 1926, §6965, 1899 Acts, p. 173), reads as follows:

"All contracts hereafter made by and between teachers and school corporations of the state of Indiana shall be in writing, signed by the parties to be charged thereby, and no action shall be brought upon any contract not made in conformity with the provisions of this act."

The later act concerning teachers' contracts was passed by the Legislature in 1921 (2 Burns Ann. St. 1926, §6967, 1921 Acts, p. 195), and reads as follows:

"All contracts hereafter made by and between teachers and school corporations shall be in writing; shall state the date of the beginning of the school term, the number of months in the school term, the total amount of the salary to be paid during the school year, and the number of payments that shall be made during the school year: Provided that, in this act, a month shall mean not more than twenty school days."

There are two other sections to this act of 1921, but neither has anything to do with the determination of this appeal; one concerns the payment of teachers during the closing of the schools, and the other gives the school corporation power to regulate the payment of teachers who may be absent on account of sickness, or otherwise.

Appellant and appellee both discuss the question at great length as to whether section (1) of the act of 1921 repealed section (1) of the act of 1899. We hold that, under the well-known rules of construction of statutes in this state, section (1) of the act of 1899 was not repealed by section 1 of the act of 1921. There is no provision in the act of 1921 specifically repealing section (1) of the act of 1899, so if section (1) of the act of 1899 is repealed by section (1) of the 1921 act, it must be by implication. "Repeals by implication are not favored." *Straus Brothers Company et al.* v. *Fisher et al.* (1928), 200 Ind. 307, 315, 163 N. E. 225, and cases there cited. Both of these acts relate to school teachers' contracts, but there is no repugnancy therein; moreover, both acts can be construed together, and in harmony with each other. The act of 1921 in section (1) enumerates certain terms of the contract to be embodied therein. True, it states that such "contracts shall be in writing" and does not add the phrase from the act of 1899 "signed by the parties to be charged thereby." There is no declared purpose in the act of 1921 to repeal the act of 1899, *supra.* Our Supreme Court, in the case of *Straus Bros. Co.* v. *Fisher, supra,* on page 315, said:

"And, in the absence of any declared purpose that one statute shall repeal another relating to the same subject matter, they will be given such a construction, if that be reasonably possible, that both may be given effect. *Kramer* v. *Beebe* (1917), 186 Ind. 349, 355, 115 N. E. 83. In the construction of statutes, specific provisions will prevail over general provisions with relation to the same subject matter. And it is a rule of statutory construction that a general statute, without negative words, does not repeal the particular provisions of a former statute on a special subject to which the general language of the later act, if it stood alone, might be deemed to apply, unless the two statutes are irreconcilably inconsistent. *Walter* v. *State* (1886), 105 Ind. 589, 592, 5 N. E. 735; *Kingan &*

*Co.* v. *Ossam* (1921), 190 Ind. 554, 557, 131 N. E. 81; *Monical* v. *Heise* (1911), 49 Ind. App. 302, 305, 94 N. E. 232."

Under these statutes such contract for employment of school teachers must be in writing and signed by the parties to be charged thereby; to do this, however, it is not necessary that the signatures of the parties shall all be upon one paper. This contract may consist of different papers executed by the parties, and will constitute a contract in writing within the statute. The written order of the board of trustees of appellee has specified the name of the teacher, the amount of salary to be paid, and the year for which she was employed; this and the other writing which appellee ordered the superintendent to prepare and cause to be signed by appellant constitute a contract in writing, signed by the parties as contemplated by the statutes above referred to. These two papers taken together embodied the terms of the statute for the making of such a contract; that is, they contained the date of the beginning of the school term, the number of months in the school term, the total amount of salary to be paid during the school year, the number of payments that shall be made during such school year. The fact that the terms of this contract were in two different instruments, each signed by one of the parties, makes it a contract in conformity with the statute, for which appellee would be liable in damages for its breach.

This court, in the case of *Taylor* v. *School Town of Petersburg* (1904), 33 Ind. App. 675, 679, 72 N. E. 159, said: "It is not conclusive against the validity of the contract that it consists of more than one instrument of writing;" and cites the case of *Leach* v. *Rains et al.* (1897), 149 Ind. 152, 48 N. E. 858. See also, 56 Corpus Juris, p. 392, §321; *Baxter* v. *School District of Miller* (1924), 217 Mo. App. 389, 266 S. W. 760.

Appellee raises the question in its demurrer that this contract sued upon is not in writing, nor signed by the parties to be charged, as provided by the statute. What we have said we think sufficiently disposes of this contention.

Appellee also raises the question that there are no allegations in the complaint making the board of trustees liable as individuals. The complaint does not proceed upon that theory. However, it contains the allegation that "plaintiff by her attorneys complains of the defendant, Delphi-Deer Creek School Corporation, etc." This action is brought against and seeks to hold the school corporation, and not the trustees as individuals.

Appellee further contends that there can be no liability upon this complaint because the contract is not in writing and signed by the parties to be charged as provided by the statute, and that the trustees are limited in their powers to those expressed by the statute, and that those who deal with them are charged with notice of the extent of their authority. Appellee cites and relies upon the case of *Taylor* v. *School City of Petersburg, supra,* which holds this doctrine. We have already noted that the contract is in writing and in compliance with the statute, and there are no allegations in the complaint from which the inference could be drawn that appellees had exceeded their authority in making and entering into this contract.

Another question raised by appellee is that the school trustees attempted to delegate their authority to make this contract to their superintendent, which they could not do. We recognize that the school trustees could not delegate authority to make a contract, but the complaint does not allege facts which warrant this conclusion. The written order provided that this appellant be employed as a school teacher at the

salary indicated, and "instructed" its superintendent to make the contract therefor. The actual making of this contract was by the school board when it, by its signed order, employed appellant at the salary indicated; this together with the executed contract, prepared for her, embodying the terms in the statute, constitutes a valid contract; and was not an attempt by the school board to delegate its authority to another, as contended by appellee.

Appellee contends and argues at some length in its brief that the doctrine of estoppel cannot be made to apply to a board of school trustees because of its public functions and public nature. We think that the doctrine of estoppel is not in the complaint, nor does this element enter into the controversy. The conduct of the parties here clearly indicates the making of a written contract in compliance with the statute; and the allegations of the complaint further show that this contract was partly performed when the appellant was discharged without cause. It is not upon the theory of estoppel that the complaint is held to state a cause of action, but upon the theory that there was a valid, subsisting contract, entered into by the parties in conformity with the statute and within the powers given by statute to the trustees, and that the complaint states a cause of action for damages for its breach.

Appellee further contends that this contract is too indefinite to permit a specific performance thereof.

A contract for personal services, such as this, could not be made the basis of an action for specific performance. *Thiebauld, Trustee, et al.* v. *The Union Furniture Company* (1896), 143 Ind. 340, 344, 345, 42 N. E. 741; *The Case of Mary Clark, a Woman of Color* (1821), 1 Black. 122, 126; 58 Corpus Juris 1057,

1058, §§300, 301, 302; 36 Cyc. 579; *Schwier et al.* v. *Zitike et al.* (1894), 136 Ind. 210, 212, 36 N. E. 30.

Appellee further questions the preparation of appellant's brief, but the questions raised have been remedied by appellant's obtaining leave to file an amended brief which was filed under order of this court.

Appellee further contends that the complaint does not allege that any sum of money is due appellant from the appellee or that appellee neglected or refused to pay such sum. This is an action for damages for breach of contract. It is not necessary that the complaint should aver in express terms that the claim is due and unpaid. It does aver sufficient facts to show a breach of contract by appellee, and it is well-settled that where there has been a breach of contract by one of the parties, the other is at least entitled to nominal damages. ". . . In an action for a breach of contract, a complaint which states facts entitling the plaintiff to nominal damages is sufficient against a demurrer." *Grau* v. *Grau* (1906), 37 Ind. App. 635, 638, 77 N. E. 816.

The second paragraph of complaint states a cause of action, and the lower court erred in sustaining the demurrer thereto.

Paragraph 1 of the complaint does not set out the signed order of appellee, and is based upon the proposition that the act of 1899 was repealed by the act of 1921, and, hence, did not have to be signed by the parties to be charged. Appellant contends that the part of the contract executed by her and accepted by appellee is sufficient to bring it within the provisions of the acts of 1921. What we have said we think sufficiently disposes of the questions raised upon the demurrer to this paragraph, which was properly sustained.

The third paragraph of complaint proceeds upon the

419

theory that appellee wrongfully and unlawfully dismissed appellant without a valid cause, and negligently failed to sign a contract of employment when one had been ordered made. The court did not err in sustaining the motion to strike out parts thereof, nor in sustaining the demurrer to this paragraph.

For the error of the lower court in sustaining the demurrer to the second paragraph of complaint, the judgment is reversed with instructions to the lower court to overrule said demurrer, and for such further proceedings as may be necessary, consistent with this opinion.